Edward SCHILLING, Trustee in Reorganization of North Atlantic and Gulf Steamship Company, Incorporated, Libelant,

v.

CANADIAN FOREIGN STEAMSHIP COMPANY, Ltd., Isbrandtsen Company, Inc., and Carras (USA) Ltd., as agents for the owners of THE SS DIRPHYS, Respondents.

United States District Court
S. D. New York.

Jan. 11, 1961.

Bergerman & Hourwich, New York City, for libelant.

Zock, Petrie, Sheneman & Reid, New York City, for respondent Isbrandtsen Co., Inc.

DIMOCK, District Judge.

Respondent Isbrandtsen Company, Inc., moves pursuant to section 3 of the United States Arbitration Act, 9 U.S.C. § 3, to stay all proceedings herein until arbitration is had.

The question presented is whether a trustee in reorganization who seeks to recover on a contract made with his debtor prior to the beginning of the reorganization proceeding may be compelled to proceed to arbitration in accordance with a provision in the contract. The arbitration clause is included in an agreement subchartering a vessel. The debtor, as time charterer owner of the vessel, subchartered it to respondent Canadian Foreign Steamship Company, Ltd. (hereinafter referred to as "Canadian Foreign"). Thereafter, Isbrandtsen Company, Inc. (which will be referred to as "Isbrandtsen") agreed to stand re-

sponsible for any proven default under the subcharter of Canadian Foreign. Disputes arose involving the terms and application of the subcharter and, pursuant to the arbitration clause, the debtor demanded arbitration and appointed one arbitrator, Canadian Foreign appointed a second arbitrator and the two arbitrators so chosen appointed a third arbitrator. There then intervened an order of the court approving an involuntary petition for the reorganization of the debtor. The trustee refused to proceed with the arbitration and secured the authorization of the reorganization court to institute the present action.

Although Canadian Foreign has not appeared in this action, Isbrandtsen has standing to raise as a defense the alleged irrevocability and enforceability of the arbitration agreement. See Modern Brokerage Corp. v. Massachusetts Bonding & Insurance Co., D.C.S.D.N.Y., 54 F.Supp. 939.

The right of a party to a contract to resort to arbitration provided for in that contract is as much a contract right as is the right to payment. It is such an important right that even the question whether the contract containing the arbitration clause was obtained by fraud must be decided by the arbitrators. Robert Lawrence Company v. Devonshire Fabrics, Inc., 2 Cir., 271 F.2d 402, certiorari granted 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618. The trustee by forc-ing Canadian Foreign to trial in this court would be depriving Canadian Foreign of the right to arbitration for which it had bargained. That would be all very well if Canadian Foreign were asserting a claim against the bankrupt estate. The very purpose of bankruptcy proceedings is to diminish the rights of the creditors. Bankruptcy does not, however, deprive the bankrupt's debtors of their rights. Isbrandtsen stands in the shoes of the bankrupt's debtor Canadian Foreign.

It is said that section 26 of the Bankruptcy Act, 11 U.S.C. § 49, and General Order 33, both quoted in the margin.[1] evince a congressional policy that the trustee in bankruptcy shall have the right to abrogate agreements for arbitration. These provisions afford no basis for drawing such an inference. The provisions of section 26 and General Order 33 empower the trustee to submit to arbitration a controversy even though he is not bound by the contract to do so. The fact that section 26 does not deal with the case where the contract involved provides for arbitration is demonstrated by the provisions of the section which create a special procedure to be followed instead of leaving the parties to the procedure prescribed by the contract.

The motion for a stay of all proceedings in this suit pending arbitration is granted.

So ordered.

[1] "§ 49. Arbitration of controversies

"(a) The receiver or trustee may, pursuant to the direction of the court, submit to arbitration any controversy arising in the settlement of the estate.

"(b) Three arbitrators shall be chosen by mutual consent, or one by the receiver or trustee, one by the other party to the controversy, and the third by the two so chosen or, if they fail to agree in five days after their appointment, the court shall appoint the third arbitrator.

"(c) The written finding of the arbitrators or of a majority of them as to the issues presented may be filed in court and shall have like force and effect as the verdict of a jury."

"Order 33. Arbitration and Compromise

"Whenever a receiver, trustee or debtor in possession shall make application to the court for authority to submit to arbitration any controversy arising in the settlement of an estate, or for authority to compromise any such controversy, the application shall clearly and distinctly set forth the subject matter of the controversy, and the reasons why it is proper and for the best interest of the estate that the controversy should be settled by arbitration or compromise."