Saul G. TOBIN, as Trustee in Bankruptcy of A. Plein & Co. Inc., Petitioner-Appellant,

v.

Aaron PLEIN, Respondent-Appellee.

No. 224, Docket 27138.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1962.

Decided April 6, 1962.

Joseph Lewis Simon, of Schwartz & Duberstein, Brooklyn, N. Y. (Max Schwartz, of Schwartz & Duberstein, Brooklyn, N. Y., on the brief), for trustee-appellant.

Sydney Krause, of Krause, Hirsch, Gross & Heilpern, New York City, for appellee.

Before CLARK, SMITH, and HAYS, Circuit Judges.

CLARK, Circuit Judge.

On June 23, 1960, A. Plein & Co. Inc. was adjudicated a bankrupt, and appellant qualified as trustee. On September 20, 1960, some 89 days later, the trustee petitioned the referee in bankruptcy for leave to commence arbitration against Aaron Plein pursuant to an arbitration clause contained in a contract executed on September 18, 1959, between Plein and the bankrupt corporation and a third party, Isaac Charchat. An order granting leave to commence was duly issued on September 29, 1960. At this juncture Aaron Plein moved before the referee that the *ex parte* order be vacated, as the trustee had failed to affirm the contract within the 60-day period specified by § 70b of the Bankruptcy Act, 11 U.S.C. § 110(b), and thus it must be deemed rejected, and the trustee barred from suing on it. The referee made an order refusing to vacate his original order, and Plein sought review in the district court. Judge Noonan accepted Plein's contention that by virtue of § 70b the trustee was barred from instituting arbitration proceedings, and reversed the referee's orders. Finding the district court's interpretation of the

effect of the statute in this case to be erroneous, we reverse that decision and reinstate the orders of the referee.

Plein and Charchat, the third party to the contract in question, each owned 50 per cent of the stock in the bankrupt, a New York corporation engaged as a confirmer and shipper largely to South Africa. They were also directors of the corporation, Charchat residing in New York, and Plein in South Africa, where he conducts other similar businesses under the name A. Plein & Co. In 1959, Charchat and Plein decided to liquidate the New York firm, and entered into this contract with A. Plein & Co. of New York to effectuate this purpose. It is a detailed agreement for the winding up of the corporation's affairs. It includes a comprehensive arbitration clause providing, *inter alia*, that "[t]he parties agree to submit to arbitration all disputes between (a) Charchat and Plein, (b) the Corporation and Charchat or Plein. * * * Such arbitration shall be in accordance with the laws of the State of New York and the rules of the American Arbitration Association. Such arbitration shall be before a panel of three arbitrators selected in accordance with the aforesaid rules."[1]

Pursuant to this clause the trustee, with leave of the referee, filed a demand for arbitration with the American Arbitration Association on October 7, 1960. In this demand he requested an award for (1) diversion of money by Plein from the bankrupt, (2) moneys which Plein had collected from debtors of the bankrupt contrary to the contract, (3) loans to Plein by the bankrupt which remain unpaid, (4) money collected by Plein for sale of an automobile which belonged to the bankrupt corporation, and (5) damages for the destruction of the bankrupt's business by diversion of orders from A. Plein & Co. of New York to others of appellee's companies.

The trustee is vested by law with any rights of action arising from contracts which the bankrupt may possess. Bankruptcy Act § 70a(6), 11 U.S.C. § 110(a)(6); 4 Collier on Bankruptcy § 70.28 (14th Ed.1942). The essence of the trustee's claim is that Plein breached the agreement of September 18, 1959. He has chosen to assert this claim by arbitration, the forum provided by the contract and by the law of the State of New York. See Terminal Auxiliar Maritima, S.A. v. Winkler Credit Corp., 6 N.Y.2d 294, 189 N.Y.S.2d 655, 160 N.E.2d 526. That this right of action is maintained in arbitration proceedings should not affect the trustee's power to assert it.

Appellee contends, however, that any action on this contract is barred by § 70b of the Bankruptcy Act, 11 U.S.C. § 110 (b). This section provides in pertinent part that:

"Within sixty days after the adjudication, the trustee shall assume or reject any executory contract, including unexpired leases of real property: *Provided, however,* That the court may for cause shown extend or reduce such period of time. Any such contract or lease not assumed or rejected within such time, whether or not a trustee has been appointed or has qualified, shall be deemed to be rejected."

It is true that the trustee here did not in any manner affirm this contract within

---

[1]. The arbitration clause also covered disputes between "(c) the Corporation and A. Plein & Co. of Johannesburg, South Africa, (d) the Corporation and A. Plein & Co. of London, (e) the Corporation and any corporation in which A. Plein may have an interest, (f) Charchat and A. Plein & Co. of Johannesburg, South Africa, (g) Charchat and A. Plein & Co. of London, (h) Charchat and any corporation in which A. Plein may have an interest, (i) the Corporation or Charchat and A. Plein & Co. of Capetown and (j) the Corporation or Charchat and A. Plein & Co. of Rhodesia." Appellee maintains that because this clause extends to disputes with persons not parties to the contract it is so vague as to be unenforceable. But the provisions quoted in text are clear and unquestionably place disputes between the parties to the contract under the aegis of the arbitrator. Since all the trustee's claims appear grounded on the contract, we need not decide whether the clause would render the other enumerated disputes arbitrable.

the 60-day period. But we hold that this statute cannot affect the trustee's right to bring the instant arbitration proceeding.

 In the first place it appears that the alleged acts in breach of the contract of September 18, 1959, occurred prior to the adjudication of bankruptcy.[2] If so, the trustee can maintain these proceedings under the contract, whatever the effect of § 70b on any further rights. For the trustee's failure to assume a contract under the statute would not relieve the bankrupt of obligations created by a breach committed before bankruptcy or by the fact of bankruptcy itself. Central Trust Co. of Illinois v. Chicago Auditorium Ass'n, 240 U.S. 581, 36 S.Ct. 412, 60 L.Ed. 811. In like fashion any rights of action accruing to the trustee by virtue of prior acts in breach of such a contract should not be affected by the trustee's election or rejection under § 70b.

But a more fundamental consideration impels us to conclude that the district court erred. If Plein did breach the contract, then it is altogether possible that by virtue of that breach the bankrupt was relieved of all further obligations. See Hasler v. West India S.S. Co., 2 Cir., 212 F. 862. And if that is proven to be the case, then the statute will be wholly inapplicable, as the contract will have ceased to be executory prior to adjudication of bankruptcy, and thus not within the statutory ambit. Cf. In re San Francisco Bay Exposition, D.C.N.D. Cal., 50 F.Supp. 344. Any final determination of the effect of the statute therefore must await the outcome of the arbitration proceedings. Since the broad arbitration clause submits all disputes to arbitration, we of course do not reach any of the questions raised as to whether the purpose of the contract was frustrated, whether Plein did in fact breach the agreement, or the effect of such breach, if any. See Terminal Auxiliar Maritima,

S.A. v. Winkler Credit Corp., supra, 6 N.Y.2d 294, 189 N.Y.S.2d 655, 160 N.E.2d 526.

Finally, appellee claims that any arbitration proceedings must be governed by § 26 of the Bankruptcy Act, 11 U.S.C. § 49, and General Order 33. These provisions specify procedure to be followed for the arbitration of controversies arising in the settlement of the estate. But this section is clearly drawn to provide arbitration machinery where no contractual arrangements exist. It does not supersede explicit contractual provisions. Schilling v. Canadian Foreign S.S. Co., Ltd., D.C.S.D.N.Y., 190 F.Supp. 462.

The order of the district court is reversed, and the orders of the referee are reinstated.

---

2. Since neither the district court nor the referee made findings of fact, the record in this case is meager. But the demand for arbitration was filed shortly after adjudication, suggesting that the events involved occurred before that time. More important, the acts alleged in the demand appear to have been the cause of the institution of the proceedings which led to the bankruptcy adjudication.