In the Matter of the Arbitration between AARON PLEIN, Appellant, and ISAAC CHARCHAT, Respondent.

First Department, July 10, 1962.

*Sydney Krause* of counsel (*Elliot L. Krause* and *Charles Singer* with him on the brief; *Krause, Hirsch, Gross & Heilpern,* attorneys), for appellant.

*Leonard Hemley* of counsel (*House, Grossman, Vorhaus & Hemley,* attorneys), for respondent.

McNALLY, J. This is an appeal from an order denying a stay of arbitration.

The arbitration clause herein provides: " 6. The parties agree to submit to arbitration all disputes between (a) CHARCHAT and PLEIN, (b) the Corporation and CHARCHAT or PLEIN, (c) the Corporation and A. PLEIN & CO. of Johannesburg, South Africa, (d) the Corporation and A. PLEIN & CO. of London, (e) the Corporation and any corporation in which A. PLEIN may have an interest, (f) CHARCHAT and A. PLEIN & CO. of Johannesburg, South Africa, (g) CHARCHAT and A. PLEIN & CO. of London, (h) CHARCHAT and any corporation in which PLEIN may have an interest, (i) the Corporation or CHARCHAT and A. PLEIN & CO. of Capetown and (j) the Corporation or CHARCHAT and A. PLEIN & CO. of Rhodesia. Such arbitration shall be in accordance with the laws of the State of New York and the rules of the American Arbitration Association. Such arbitration shall be before a panel of three arbitrators selected in accordance with the aforesaid rules.''

Appellant argues (1) the arbitration clause is vague and indefinite; it does not provide for arbitration in New York; (2) Harris, appellant's attorney in fact, did not have authority to sign the arbitration clause; (3) the adjudication in bankruptcy of A. Plein & Co. Inc. caused frustration and termination of the agreement dated September 18, 1959; (4) the first five items of the demand for arbitration may be asserted by the trustee in bankruptcy of A. Plein & Co. Inc. and may not be asserted by respondent; (5) the remaining items of the demand for arbitration are unrelated to the agreement and without merit; moreover, as to one of the items, a prior adjudication is controlling.

Appellant and respondent each owned 50% of the stock of A. Plein & Co. Inc., a New York corporation. Appellant is a

resident of South Africa and respondent is a resident of New York. A tripartite agreement dated September 18, 1959 was made among the parties herein and the corporation, and executed in behalf of the appellant by his attorney in fact. Thereby it was resolved to dissolve and liquidate the corporation and towards that end each of the individual parties undertook to advance certain sums and provide credits in order to effect an orderly liquidation of the corporate business and assets.

The demand for arbitration dated November 9, 1961 sets forth five claims in behalf of the corporation pertaining to corporate funds diverted and borrowed by appellant, and damages resulting from appellant's appropriation of the corporation's business. Said demand also specifies claims in behalf of respondent for moneys advanced by him to appellant, for damages in respect of a transaction pertaining to A. Plein & Co. of Rhodesia, and for damages consequent on the wrongful prosecution in the courts of South Africa by appellant's nominee of a claim against the respondent grounded on bills of exchange executed by respondent solely in behalf of the corporation, and not personally, allegedly subject to the arbitration clause.

Section 1448 of the Civil Practice Act enables two or more parties to contract for the arbitration of " a controversy thereafter arising between them " and does not require that the controversy arise out of a then existing contract or agreement. Beyond that the scope of the instant arbitration clause is for determination by the arbitrators. (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329.)

It is undisputed that the trustee in bankruptcy of the corporation has appeared and answered in and is a party to the arbitration proceeding. The demand for arbitration herein was made November 9, 1961. Prior thereto and on September 20, 1960 the trustee, ex parte, petitioned the Referee in bankruptcy for leave to commence arbitration against the appellant herein in respect of the first five claims. Leave therefor was granted to the trustee on September 29, 1960. Appellant herein thereafter moved before the Referee in bankruptcy to vacate the Referee's order on the ground that the trustee had failed to affirm the contract herein dated September 18, 1959 within the 60-day period required by subdivision (b) of section 70-b of the Bankruptcy Act. (U. S. Code, tit. 11, § 110, subd. [b].) The Referee denied the motion to vacate. However, the District Court reversed the order of the Referee. The trustee appealed to the United States Court of Appeals, Second Circuit, from the last described order. Pending said proceeding and before the determination of said appeal, on November 9, 1961,

the instant demand for arbitration was served, including the five claims in the arbitration sought by the trustee.

On April 6, 1962 the United States Court of Appeals reversed the order of the District Court and reinstated the order of the Referee in bankruptcy. (*Tobin* v. *Plein,* 301 F. 2d 378.) The Circuit Court in so doing stated that the trustee had not affirmed the contract within the 60-day period. However, that court held that the trustee could maintain the arbitration proceeding insofar as it is grounded on the appellant's breach of the contract antedating the bankruptcy.

In the circumstances, the extent to which the trustee and the respondent herein, respectively, may prosecute the claims in behalf of the corporation is not sufficiently definite to insure complete relief to the corporation. However, it is clear the recovery, if any, on the first five claims will inure to the benefit of the corporation. Appellant is not thereby prejudiced and any uncertainty as to who may properly prosecute the claims in behalf of the corporation is determinable in arbitration.

Whether the adjudication in bankruptcy resulted from appellant's alleged defaults or served to frustrate and terminate the agreement are matters for determination in arbitration. (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 337, *supra.*)

We may not consider the merits of the controversies. (Civ. Prac. Act, § 1448-a, eff. April 9, 1962; see N. Y. Legis. Doc., 1962, No. 65 [F].)

Appellant's other points are without substance. (*Tobin* v. *Plein, supra.*)

The order should be affirmed, with costs to respondent.

VALENTE, J. (dissenting). I dissent. I would reverse the order denying petitioner's application to stay the arbitration and would grant the motion.

Petitioner, a resident of South Africa, and respondent, a resident of New York, entered into a contract on September 18, 1959 looking to the orderly liquidation of A. Plein & Co., Inc., a New York corporation in which each owned 50% of the stock. The corporation was a party to the contract.

Paragraph 6 of that agreement provides: " 6. The parties agree to submit to arbitration all disputes between (a) CHARCHAT and PLEIN, (b) the Corporation and CHARCHAT or PLEIN, (c) the Corporation and A. PLEIN & CO. of Johannesburg, South Africa, (d) the Corporation and A. PLEIN & CO. of London, (e) the Corporation and any corporation in which A. PLEIN may have an interest, (f) CHARCHAT and A. PLEIN & CO. of Johannesburg, South Africa, (g) CHARCHAT and A. PLEIN & CO. of London, (h) CHARCHAT and any corporation in which PLEIN may have an interest, (i) the

Corporation or CHARCHAT and A. PLEIN & CO. of Capetown and (j) the Corporation or CHARCHAT and A. PLEIN & CO. of Rhodesia. Such arbitration shall be in accordance with the laws of the State of New York and the rules of the American Arbitration Association. Such arbitration shall be before a panel of three arbitrators selected in accordance with the aforesaid rules.''

Respondent served a demand (dated Nov. 9, 1961) for arbitration of certain disputes which were claimed to be subject to arbitration. An examination of that demand indicates that the first five items are claims on behalf of A. Plein & Co. Inc. while the remaining items are advanced on behalf of respondent individually.

It appears that on November 27, 1959, A. Plein & Co. Inc. filed a petition in the United States District Court for the Southern District of New York for relief under chapter 11 of the Bankruptcy Act. The corporation was adjudicated a bankrupt and a trustee in bankruptcy was appointed. Under section 70 (subd. [a], pars. [5], [6]) of the Bankruptcy Act (U. S. Code, tit. 11, § 110, subd. [a], pars. [5], [6]) the trustee in bankruptcy is vested with any rights of action which the bankrupt may possess '' arising upon contracts ''. Thus, any claims which are asserted in the right of the corporation have unquestionably passed to the trustee. He is the only one who can assert them.* Respondent may not, therefore, assert those claims in his individual capacity as a stockholder of the corporation. Arbitration of these items of the demand should have been stayed.

As to the remaining items of the demand, none of them appears to pertain to matters encompassed within the agreement containing the arbitration clause. The first of these items seeks a '' return of moneys advanced by Isaac Charchat to the said A. Plein ''. There is no indication that these alleged advances are related in any way to the provisions of the agreement. As presently worded, this demand is too vague and indefinite to inform either petitioner or the arbitrators as to just what is sought to be arbitrated.

The second of the items is addressed to an alleged cancellation of stock owned by respondent in A. Plein & Co. of Rhodesia. On its face, this demand demonstrates that it is a claim against the Rhodesia corporation and not against petitioner, since only

---

* In fact, the trustee did petition the Referee in bankruptcy for leave to commence arbitration against petitioner, upon demands identical with those contained in the respondent's demand for arbitration herein. The Referee's order granting leave to commence arbitration was sustained in *Tobin* v. *Plein* (301 F. 2d 378, C. C. A. 2d). Thus there is pending the trustee's arbitration proceedings for the same relief sought in the first five items of respondent's demand.

the corporation would have the power to cancel the shares of stock held by a stockholder in the corporation. Moreover, A. Plein & Co. of Rhodesia, although mentioned in the arbitration clause, was not made a party to this arbitration proceeding. This demand may not be asserted in this proceeding.

The final demand concerns the transfer of bills of exchange by A. Plein & Co. of South Africa to one Joseph Cumes, as petitioner's nominee. The affidavits establish that in a litigation commenced in South Africa by Joseph Cumes (to whom A. Plein & Co. of South Africa had transferred certain bills of exchange) against respondent herein, judgment was obtained against respondent. An appeal is pending from that judgment. The demand is therefore an attempt collaterally to attack a judgment obtained against respondent in a court of competent jurisdiction. Presumably, respondent did not demand arbitration in that action, and should not be permitted to do so now on that claim.

The last three items of the demand present another problem. The arbitration clause on its face is so broad as to require arbitration of any dispute in the future irrespective of its genesis or whether it arose out of transactions which had no relation to the agreement. Under section 1448 of the Civil Practice Act persons " may contract to settle by arbitration a controversy thereafter arising between them ". Most of the statutes in other States refer to an agreement to settle by arbitration " further disputes which may arise between the parties *concerning such contract* " (italics mine) (Sturges, Commercial Arbitrations and Awards, § 30, p. 97). I have been unable to find any decision which sustains the right of parties to agree to arbitrate future disputes which may arise where the disputes do not concern some aspect of a general contract between them. Without some underlying general contract to which a dispute is referable, I doubt the power of parties to make an enforcible agreement to arbitrate all disputes including those which may have no connection with any general contract between the parties.

It should be noted that in *Tobin* v. *Plein* (301 F. 2d 378, 380), the court specifically declined to pass on that question, stating in a footnote: " Since all the trustee's claims appear grounded on the contract, we need not decide whether the clause would render the other enumerated disputes arbitrable ". I would therefore hold here that, apart from the other objections to arbitration of respondent's individual claims to which I have already alluded, the last three demands are not arbitrable under the contract since they in no way are referable to the main contract.

BREITEL, J. P., EAGER and STEUER, JJ., concur with McNALLY, J.; VALENTE, J., dissents in opinion.

Order entered on February 7, 1962 affirmed, with $20 costs and disbursements to respondent.