**CONSOLIDATED OIL & GAS, INC., a Colorado corporation, Plaintiff,**

v.

**SUN OIL COMPANY OF PENNSYLVANIA, a Pennsylvania corporation, Defendant,**

**and**

**SUN OIL COMPANY OF PENNSYLVANIA, a Pennsylvania corporation, Third-Party Plaintiff,**

v.

**Charles A. BAER, Trustee of King Resources Company, a corporation in proceedings for reorganization of a corporation, and Phoenix Resources Company, a Maine corporation, Third-Party Defendants.**

**Civ. A. No. 78–M–127.**

United States District Court, D. Colorado.

Dec. 29, 1981.

---

Robert Swanson, Neff, Swanson & Myer, Denver, Colo., for Consolidated Oil & Gas, Inc.

Jay W. Tracey, Jr., Jack L. Smith, Holland & Hart, and Thomas W. Whittington, Denver, Colo., for Sun Oil Company of Pennsylvania.

John S. Pfeiffer, Robert Kapelke, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for Charles A. Baer, Trustee.

Miles M. Gersh, Fishman & Geman, P. C., Denver, Colo., for Phoenix Resources Co.

## MEMORANDUM OPINION
## AND ORDERS

MATSCH, District Judge.

The defendant, Sun Oil Company of Pennsylvania (Sun), has moved for summary judgment of dismissal of the plaintiff's first three claims for relief pursuant to Rule 56 of the Federal Rules of Civil Procedure, and to dismiss the fourth claim for relief under Rule 12(b)(6) for the failure to state a claim upon which relief can be granted. The third-party defendants have also moved for summary judgment on the claims asserted in the third-party complaint, contending that Sun's motion for summary judgment should be granted, thereby avoiding any issue of indemnification.

From the pleadings, the briefs and the statements of counsel, the court finds and concludes that there is no dispute as to the following statement of facts:

## FACTS

During the 1960's, King Resources Company (KRC) obtained rights in Canadian Federal Oil and Gas Exploratory Permits in the Arctic Islands which gave it the opportunity to earn the right to produce oil and gas which may be discovered through exploration and development. Continuation of those permits was directly dependent upon undertaking and continuing exploration and development at great expense. In December of 1969, Consolidated Oil and Gas, Inc. (Consolidated) agreed to purchase ⅟₃₂d of KRC's interest in those permits for a purchase price of $10.4 million with $5.2 million allocated to payment for the permit rights (payable with a down payment of $443,-500.00 and six subsequent semi-annual installment payments), and the other $5.2 million as a commitment to the financing of the work obligations required to maintain the permits, with payments to be made upon completion of successive segments of the exploration work. Consolidated paid the $443,500.00 down payment and during the early summer of 1970, it paid an additional $1,219,874.00 for exploration work.

Because KRC had severe financial difficulties and needed funds for its survival, KRC entered into agreements with Sun Oil Company, Ltd. (Sun) in August and September, 1970, for the transfer of interests in the Arctic permits. As part of those transactions, KRC provided Sun with information obtained as a result of the exploratory program which had been partly financed by the payments from Consolidated. That caused Consolidated to file a civil action in the District Court for the City and County of Denver, Colorado, alleging that KRC had breached its contract with Consolidated and the remedy requested was for rescission and return of all money paid or, alternatively, damages. Consolidated also threatened to bring suit against Sun for interference with the KRC contract with Consolidated. All three parties recognized the importance of continuing the exploration program required for maintaining the permits and, accordingly, in April, 1971, they entered into two agreements, one between Sun and KRC, the other between Sun and Consolidated. These agreements, which have been referred to as "the trust agreements", provided for conveyance of the disputed ⅟₃₂d interest to Sun to be held pending the determination of the controversy in the state court, with Sun continuing the exploration program and Consolidated paying the exploration costs directly to Sun. KRC, in turn, received a reduction of its obligation to pay work program expenses.

Both of the trust agreements make specific reference to the state court action and both made provision for Sun to reimburse Consolidated the sum of $1,663,374.00 and the costs of exploration and development which Consolidated was to pay directly to Sun. The conditions precedent to that obligation are the subject of the present controversy. The Sun-Consolidated agreement provided that if Consolidated obtained rescission of its agreement with KRC, Sun would repay the $1,663,374.00, plus all amounts which Consolidated may have paid to Sun under the trust agreement and Consolidated agreed to relinquish any rights to an assignment of interests from Sun. It further provided that if Sun was required

at any time by any court of proper jurisdiction to reconvey to KRC, then Sun would return the payments made directly to it by Consolidated and remain liable for refunding the $1,663,374.00 paid to KRC if Consolidated obtained a final judicial determination of rescission.

The Sun-KRC trust agreement provided that if the state lawsuit resulted in a final determination that Consolidated was not entitled to the disputed interests, Sun would transfer those to KRC upon reimbursement of Sun's expenses, and if the state action resulted in a judgment of rescission for Consolidated, the reimbursement payments to Consolidated would be made by Sun and KRC would then be required to reimburse Sun for all such amounts.

Reorganization proceedings under Chapter X of the Bankruptcy Act commenced in August, 1971, and the state court litigation was stayed. In March, 1972, the reorganization trustee moved to reject the KRC–Consolidated agreement as an executory contract under the provisions of 11 U.S.C. § 516(1). Consolidated, in April, 1972, moved for a vacation of the stay order to permit it to go forward with the state court action.

In June, 1974, Consolidated and the reorganization trustee stipulated to the dismissal of the Denver District Court action, without prejudice, and to give Consolidated the right to commence appropriate proceedings in the Bankruptcy Court to seek a determination of the same issues which had been pending in the state action. Accordingly, that action was dismissed and on August 13, 1974, Consolidated filed an application, amended in September, 1974, repeating most of the allegations from the state litigation and seeking damages or rescission, alternatively.

The parties then pursued full discovery and in January, 1977, the reorganization judge opened a hearing which was set for the trial of the trustee's application for rejection of executory contract and for Consolidated's claims. At that time, counsel for Consolidated acquiesced in the trustee's position that the contract was executory and could be rejected. The result was an order by the reorganization judge, determining that rejection was in the best interests of the reorganization proceedings and the contract was thus rejected.

Consolidated then pursued its claim for damages, (including the refund of its payments and $137,900,000.00 in lost benefits), which was then fully litigated in the reorganization proceedings.

The reorganization court found and determined that Consolidated had not sustained any damage because its total unpaid obligations under the 1969 agreement with KRC exceeded the value to Consolidated of its contract with KRC and, therefore, Consolidated had no compensable injury. Consolidated then filed this action against Sun, asserting a right to repayment under the trust agreements. The first claim for relief is based upon the contention that there is a right to payment because the result of the reorganization proceedings was the equivalent of a court order requiring Sun to convey to KRC. The second claim for relief contends that the result in the reorganization court is the equivalent of rescission, thereby invoking the right to repayment.

## CONCLUSIONS

■■■ Sun is entitled to a summary judgment of dismissal on these two claims for relief. The conditions precedent to the repayment obligations under both of the trust agreements have not been met. The rejection of an executory contract under § 116(1) of the Bankruptcy Act is simply a breach of the executory contract as of the date of the filing of the petition in Bankruptcy. Upon such rejection, any person injured by that breach is a creditor entitled to the recovery of provable damages under § 202 of the Bankruptcy Act. Rejection is not the equivalent of rescission. Rejection is also not the equivalent of a court order to convey the interests to KRC.

■■■ The third claim for relief by Consolidated in this lawsuit is a claim that it would be unjust to permit Sun to retain the

amounts paid by Consolidated when the performance of the conditions precedent under the trust agreements has become impossible. The impossibility, however, was created or at least contributed to by the conduct of Consolidated in accepting the trustee's characterization of the 1969 contract with KRC as being executory. The alternative available to Consolidated was to pursue its allegations that KRC had breached that agreement by its disclosure to and contract with Sun. A contract which has been breached is not subject to the trustee's power of rejection. *Tobin v. Plein*, 301 F.2d 378 (2nd Cir., 1962). The effect of Consolidated's acquiescence in the trustee's application for rejection of the KRC contract is to waive the former breach and elect to proceed with its damage remedy. Having failed to recover damages, Consolidated may not now return to its earlier position.

In the fourth claim for relief, Consolidated now asserts that Sun has repudiated or breached the trust agreements which were made in settlement and compromise of Consolidated's claim that Sun had interfered with the Consolidated-KRC contract. The fourth claim does not state a claim for relief because Sun has done nothing more than rely upon the express language of the trust agreements and this court has in this memorandum opinion found that the language does not impose the repayment obligation upon Sun because the conditions precedent have not been met.

This is a situation in which the bankruptcy proceedings have materially altered and affected the agreements involved in this dispute. If the consequence is perceived as unfair to Consolidated, it must be said that this result has not been caused by the defendant here. It has come about because of a combination of circumstances and the plaintiff's own conduct in the reorganization proceeding.

Upon the foregoing, it is the conclusion that the defendant, Sun, is entitled to summary judgment on the plaintiff's first three claims for relief and that the motion to dismiss the fourth claim for relief should be granted. Accordingly, the third-party de-fendants' motions directed to the third-party complaint should also be granted. It is, therefore,

ORDERED, that the plaintiff's fourth claim for relief is dismissed; that summary judgment of dismissal shall enter against the plaintiff on the first three claims for relief with judgment to be entered in favor of the defendant, Sun Oil Company, Ltd., for its costs upon the filing of a Bill of Costs within ten (10) days from this date; and that the third-party complaint is dismissed and that judgment shall enter in favor of the third-party defendants for their costs to be taxed upon the filing of a Bill of Costs within ten (10) days.