**In re HART SKI MFG. CO., INC., Debtor.**

**HART SKI MFG. CO., INC., Plaintiff,**

v.

**MASCHINEFABRIK HENNECKE, GmbH, a West German corporation, Defendant.**

Bankruptcy No. 3–80–200.
Adv. Proceeding No. 80–0165.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

May 5, 1982.

Robert S. Brill, Minneapolis, Minn., for Hart Ski Mfg. Co., Inc.

William M. Barron, New York City, for Maschinefabrik Hennecke, GmbH.

JOHN J. CONNELLY, Bankruptcy Judge.

Plaintiff commenced adversary proceeding # 81–0165 in the above-entitled Chapter 11 proceedings on July 18, 1980 by filing a complaint objecting to Defendant's claim of $174,680.73 filed in the Chapter 11 proceedings and counter claimed against Defendant for judgment in damages in the total sum of $13,000,000.00. Defendant obtained an extension of time in which to respond to the complaint and subsequently responded to Plaintiff's said complaint by filing a motion on October 28, 1980 for an order of this Court dismissing the complaint and staying all proceedings in the Bankruptcy Court pending resolution of all issues by arbitration by the International Chamber of Commerce in accordance with the arbitration clause of the agreement involved herein between the parties to this action. The motion was made pursuant to (a) The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards 21 U.S.T. 2517, T.I.A.S. 6997 (December 29, 1970), implemented by Chapter 2 of the United States Arbitration Act, 9 U.S.C., § 201 et seq., and (b) 28 U.S.C. § 1471(d).

PREFACE

Pursuant to notice duly given, a hearing was held on said motion on December 2, 1980. Briefs were filed subsequently at the request of the Court. In July 1981, the Court granted Plaintiff permission to file a further memorandum in opposition to Defendant's motion without prior confering with the Defendant's counsel. The Defendant's counsel by letter to the Court dated July 9, 1981 expressed displeasure with this allowance and expressed "outrage" with his perceived complete change of the Plaintiff's position as had been expressed previously in the Plaintiff's earlier briefs and oral hearing before the Court on December 2, 1980. The Defendant, nevertheless, responded to Plaintiff's memorandum of July 1981 by filing a reply thereto on August 24, 1981. This Court in its Findings and Conclusions contained in its Memorandum Order and Decision of March 1, 1982, 18 B.R. 154, gave full and complete consideration to the Plaintiff's July 1981 memorandum and the Defendant's August 1981 reply thereto.

PLAINTIFF'S MOTION FOR AN ORDER ALTERING OR AMENDING MEMORANDUM DECISION AND ORDER OF MARCH 1, 1982

Plaintiff's motion as above-stated was based on the grounds that this Court's Memorandum Decision and Order misapprehends and misconstrues the controlling fact, misconceives the applicable law and misapplies both to produce an erroneous decision. In addition to the foregoing grounds, Plaintiff in its brief filed March 18, 1982 in support of its motion, at page 8, asserts that "Part IV of the Memorandum, Decision and Order, raised sua sponte by the Court, is erroneous." Part IV of the Court's Memorandum Order dealt with the undersigned Bankruptcy Judge's understanding of the meaning and effect of the United States District Court's decision in the *Marathon Pipeline v. Northern Pipeline Construction Company* case, 12 B.R. 946, 5 C.B.C. 2nd 114 (D.Minn.1981). The *Marathon Pipeline*

*Company v. Northern Pipeline Construction Company* case was argued before the United States Supreme Court on April 27, 1982. —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598. The Plaintiff is aggrieved by the Court's raising of the Marathon case decision within the parameter of the adversary proceedings presently before the Court.

A hearing was held on April 27, 1982 on Plaintiff's motion to alter or amend the Court's Memorandum Order and Decision of March 1, 1982. Doherty, Rumble & Butler, attorneys at law, by Frank Claybourne and Robert S. Brill, appeared on behalf of the Plaintiff Hart Ski Mfg. Co., Inc.; William M. Barron, attorney at law, of New York, and Alan L. Atlas, attorney at law, of Minneapolis, Minnesota, appeared on behalf of the Defendant Hennecke. The Court, having heard the arguments of counsel, and having considered the briefs submitted by counsel in support of their position,

NOW ORDERS:

1. Paragraph IV of the Court's Memorandum Order and Decision of March 1, 1982 be and the same is hereby stricken in its entirety from said Memorandum Order and Decision.

2. That the motion to otherwise alter or amend the Memorandum Decision and Order be and the same is in all other respects denied.

IT IS FURTHER ORDERED that Debtor's objection that this Court no longer has jurisdiction over this matter by reason of a Notice of Appeal having been filed on March 9, 1982, is denied.

IT IS FURTHER ORDERED that although it was not argued at the hearing, and although it was on the calendar, the Defendant's objection to Plaintiff's designation of inclusion in the record on Appeal of Hart's motion for an Order Altering or Amending the Court's Memorandum Decision and Order be and the same is hereby denied. The substance of the motion is, of necessity, fully expressed in the foregoing Order.