In the Matter of HART SKI MFG. CO., INC., a Minnesota corporation, Debtor.

HART SKI MFG. CO., INC., Plaintiff,

v.

MASCHINENFABRIK HENNECKE, GmbH, a West German Corporation, Defendant.

Bankruptcy No. 3–80–200.
Adv. No. 80–0165.
No. 4–82–Civ. 706.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 19, 1982.

Frank Claybourne and Robert S. Brill, Doherty, Rumble & Butler, Minneapolis, Minn., for Hart Ski Mfg. Co., plaintiff-appellant.

Walter, Conston, Schurtman & Gumpel, New York City, and Alan L. Atlas, Harstad & Rainbow, Minneapolis, Minn., for Maschinenfabrik Hennecke, GmbH, defendant-appellee.

## MEMORANDUM ORDER

LARSON, Senior District Judge.

Plaintiff Hart Ski Mfg. Co. seeks reversal of the Memorandum Decision and Order of the Bankruptcy Judge filed March 1, 1982, 18 B.R. 154 as amended May 5, 1982, 22 B.R. 762. Plaintiff filed a petition for reorganization pursuant to Title 11, section 701, *et seq.*, of the United States Code on February 13, 1980. On June 9, 1980, defendant Hennecke filed a proof of claim as an unsecured creditor, based upon an alleged sum due defendant for certain equipment purchased by Hart from Hennecke in 1977. On July 21, 1980, Hart served an objection to Hennecke's claim for $174,-680.73 and asserted a counterclaim against Hennecke, alleging misrepresentation, breach of contract, breach of warranties, and negligence and seeking $13,000,000 in damages. Hennecke filed a motion to dismiss the counterclaim and stay the proceedings in Bankruptcy Court, pending arbitration. A hearing on this motion was held December 2, 1980, and the Bankruptcy Judge granted Hennecke's motion by Order dated March 1, 1982. On March 9, 1982, Hart served a motion to amend this Order,

and an additional hearing was held on April 27, 1982. By Order dated May 5, 1982, Judge Connelly struck paragraph IV of the March 1, 1982, decision regarding a jurisdictional question, but otherwise denied Hart's motion.

■ The basic issue raised in this appeal is whether the Bankruptcy Court acted correctly in ordering the parties to submit their dispute to arbitration under the procedures established by the International Chamber of Commerce. The factual findings of the Bankruptcy Court must, of course, be sustained absent a showing that they are clearly erroneous. *Solomon v. Northwestern State Bank,* 327 F.2d 720, 724 (8th Cir. 1964). Hart argues on appeal that the Bankruptcy Judge's Order is in error because the parties did not agree to arbitrate and even if there was an agreement, Hennecke waived its right to arbitration by filing its proof of claim in Bankruptcy Court. For the reasons stated below, the Decision and Order of the Bankruptcy Judge is affirmed.

### I. *The Agreement to Arbitrate*

■ Hart engages in an extensive "battle of the forms" analysis regarding the agreement to arbitrate to refute Judge Connelly's finding that the contract provides for arbitration. Several forms were exchanged by the parties, as is often the case in commercial transactions, but the Court agrees with defendant Hennecke that resort to this analysis is unnecessary when the specific facts of this case are considered. Hart's original argument in opposition to Hennecke's motion to dismiss was confined solely to the issue of whether Hennecke had waived its right to arbitrate. Hart conceded that the contract between the parties provided for international arbitration and indicated that it had considered submitting the dispute to such arbitration itself prior to filing for reorganization in February 1980. At the hearing on appeal to this Court, counsel for Hart attempted to explain how these actions were consistent with Hart's present position that there was no agreement to arbitrate, but like the

Bankruptcy Court, this Court finds such arguments' unpersuasive. The practical construction of an agreement by the parties to it is entitled to great weight in interpreting the agreement. Judge Connelly's finding that "Hart, by its conduct, and explicit representations to the Court evidenced a meeting of the minds" with respect to the existence of an arbitration clause is not clearly erroneous.

Such a finding is further supported by the interpretation of the phrase "HK 100 complete as per Confirmation A–7201–135" contained in the Hart purchase order as incorporating not only a description of the machine ordered from Hennecke, but also all of the provisions of the original order, including the arbitration provision. The desirability of an arbitration clause in international transactions of this type is well recognized, and must be respected. *See Scherk v. Alberto Culver Co.,* 417 U.S. 506, 516–20, 94 S.Ct. 2449, 2455–57, 41 L.Ed.2d 270 (1974). Although Hart suggests that the policy in favor of arbitration should only be applied when there is an express agreement to arbitrate, the Court believes that the evidence in this case supports the conclusion that there was in fact such an agreement.

## II. *Waiver*

The evidence further supports the Bankruptcy Court's finding that defendant Hennecke did not waive its right to arbitration by filing a proof of claim. Hart informed Hennecke in 1978 that it would make no further payments under the contract at issue, but mere delay in seeking arbitration absent prejudice to Hart is not a waiver. *See Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2d Cir. 1968). Moreover, filing a proof of claim is not equal to the commencement of a lawsuit. Hennecke's filing merely secured its right to participate in the distribution of Hart's assets according to a confirmed plan. Hart's counterclaim initiated the contract dispute between the parties, and the Court agrees that prior to the filing of this objection a "wait-and-see" approach on Hennecke's part was reasonable. In sum, Hennecke's actions were not inconsistent with its right to arbitration. *N & D Fashions, Inc. v. DHJ Industries, Inc.,* 548 F.2d 722, 728 (8th Cir. 1977). The Bankruptcy Court's analysis of the "prejudice" element of the waiver question is particularly revealing in this regard. Hart in essence seeks to avoid the expense and inconvenience of international arbitration to settle its dispute with Hennecke. This is an understandable goal, but one which does not rise to the level of legal prejudice, as Judge Connelly correctly noted.

In conclusion, the Court believes that none of the arguments presented by Hart on appeal justify reversal of the Bankruptcy Court's Order. The evidence supports the factual finding of an agreement between the parties to arbitrate any disputes arising out of the sale of certain pieces of equipment by Hennecke to Hart. Defendant Hennecke's filing of a proof of claim did not waive its right to invoke the arbitration provision when Hart initiated a contested proceeding and challenged its claim. The financial disadvantage or inconvenience to Hart in resolving the dispute through international arbitration does not justify a denial of Hennecke's contractual right to such a forum. In the opinion of this Court Judge Connelly's Order in this matter is far from clearly erroneous: to the contrary, the law is correctly applied to findings that are fully supported by the evidence presented.

Accordingly, IT IS ORDERED THAT:

The Bankruptcy Court's March 1, 1982, Memorandum Decision and Order, as amended May 5, 1982, is in all respects affirmed.