In re H.B. MORGAN, Jr., AKA "Bud" Morgan, W.W.I. Gayle Morgan, Gayle W. Morgan, dba F/V Hickory Wind, Debtors.

**BENDER SHIPBUILDING AND RE-PAIR CO., INC., et al., Appellant,**

v.

H.B. MORGAN, Jr., an individual, and Gayle Morgan, his wife, and individual, dba F/V Hickory Wind, Appellees.

BAP No. NC–82–1203 EKV.
Bankruptcy No. I–81–01134.
Adv. No. I–81–0451.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Oct. 13, 1982.

Decided March 15, 1983.

**4**

Charles S. Donovan, Dorr, Cooper & Hays, San Francisco, Cal., for appellant.

Frederick L. Hilger, Sr. a Professional Corporation, Eureka, Cal., for appellee.

Before ELLIOTT, KATZ and VOLINN, Bankruptcy Judges:

The issue in this case is whether the bankruptcy court erred by not honoring the arbitration clause contained in the contract between the plaintiff-debtor, H.B. Morgan ("Morgan"), and the defendant, Bender Shipbuilding and Repair ("Bender"). We REVERSE.

## I.

On March 12, 1978, Morgan entered into a contract with Bender. Bender was to construct an oceangoing fishing vessel called the "Hickory Wind" for Morgan. After delivery of the vessel, a dispute arose in connection with the condition of the vessel and circumstances surrounding the contract. Bender commenced an action in the United States District Court for the Southern District of Alabama seeking to compel Morgan to appoint an arbitrator under provisions of the contract calling for mandatory arbitration. A choice of law clause in the contract names Alabama law as controlling and calls for any arbitration panel to sit in Alabama. Bender argued that an order requiring arbitration was proper under the United States Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "Arbitration Act"). Thereafter, Morgan commenced an action in the Superior Court for Humboldt County, California on July 7, 1980 seeking to litigate the claims.

On June 10, 1981 the District Court in Alabama entered an order sustaining Bender's position. After the District Court denied Morgan's motion for reconsideration, he appealed to the United States Court of Appeals for the Eleventh Circuit. According to Morgan, the Eleventh Circuit has entered a stay of the order, but Bender denies that any evidence of an alleged stay is properly contained in the record before the trial court or this panel.

Morgan then filed a Chapter 11 petition in the Northern District of California on August 21, 1981.

On September 1, 1981 the Superior Court entered a "ruling" staying prosecution of the Humboldt County case on the grounds that the contract contained a mandatory arbitration clause enforceable by virtue of the United States Arbitration Act.

Morgan then obtained a temporary restraining order in the bankruptcy court against further attempts to arbitrate. Later, this injunctive relief was made permanent and the bankruptcy court decided that it would entertain consideration of the substantive issues of the dispute. It is the court's order enjoining efforts to seek arbitration that Bender appeals.

## II.

The Arbitration Act strongly favors resolution of disputes by arbitration, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). This policy conflicts with that in favor of resolving claims against the debtor in the bankruptcy court. *Johnson v. England*, 356 F.2d 44 (9th Cir.1966), *cert. den.*, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673. In *Johnson*, the Ninth Circuit affirmed a decision of the district court refusing to enforce an arbitration provision in the bankrupt's collective bargaining agreement. In that liquidation case, the union had sought to have arbitrated claims against the bankrupt estate. The court found the interests of the trustee and other creditors, who had never agreed to the arbitration clause, precluded arbitration of the issues which it characterized as "within the special competence of the bankruptcy court." 356 F.2d at 51. Accord, *In re Muskegon Motor Specialties Co.*, 313 F.2d 841 (6th Cir.1963), *cert. den.*, 375 U.S. 832, 84 S.Ct. 832, 11 L.Ed.2d 63.

There is no competing bankruptcy policy where the trustee or debtor in possession brings suit against a party who has made no claim against the estate. Even if the defendant has made a claim against the estate, it may be appropriate to enforce a contract to arbitrate, *In re Hart Ski Mfg. Co.*, (1982 Bkrtcy.D.Minn.), 18 B.R. 154.

■ A reorganization debtor-in-possession is bound by the mandatory arbitration provisions contained in a contract where he makes a claim arising out of that contract against a non-creditor. *Schilling v. Canadian Foreign S.S. Co. Ltd.*, 190 F.Supp. 462 (D.S.D.N.Y.1961).

## III.

■ We further hold that the decisions of the Alabama District Court and the California Superior Court for Humboldt County decreeing enforcement of the arbitration clause to be res judicata, *In re Paderewski*, (1977 C.A. 9th) 564 F.2d 1353, 1356.

REVERSED AND REMANDED.

ELLIOTT, Bankruptcy Judge (concurring):

I concur in the decision but disassociate myself from the ruling on res judicata. If the posture of the parties were reversed and Bender was asserting a claim for damages against the debtor Morgan, the strong bankruptcy policy of resolving claims against the debtor in the bankruptcy court forum would overcome any res judicata arguments. *Johnson v. England, supra.* Res judicata should cut both ways. The Alabama and California decisions to compel arbitration between the parties should not depend on the posture of the parties in the lawsuit.