McMILLIAN,
Circuit Judge.
Hart Ski Manufacturing Co. (Hart) appeals from a final order entered in the District Court, 22 B.R. 763,[1] for the District of Minnesota affirming the Bankruptcy Court’s decision below, 22 B.R. 762. The Bankruptcy Court had dismissed Hart’s counterclaim against Maschinenfabrik Hennecke, GmbH (Hennecke) without prejudice and ordered the parties to submit their dispute to international arbitration. Relying on the clearly erroneous rule, the District Court affirmed the Bankruptcy Court’s factual finding that the parties had exhibited their agreement to arbitration through their subsequent course of dealings. The District Court also agreed with the Bankruptcy Court that Hennecke’s act of filing a proof of claim in a bankruptcy proceeding did not constitute a waiver of Hennecke’s right, to invoke arbitration. For reversal Hart argues that it never agreed to arbitrate and, even if it had, Hennecke has waived its right to invoke arbitration by filing a claim against Hart’s bankruptcy estate. Hart relies heavily on In re Doughboy Industries, Inc., 17 A.D.2d 216, 233 N.Y. S.2d 488 (App.Div.1962). Doughboy Industries was a case decided by a court, and in an era, that was generally hostile to arbitration. We note that Doughboy Industries has no application in this Circuit. Under the Arbitration Act, 9 U.S.C. §§ 1-14 (1976), federal law governs the question of whether the parties have agreed to arbitrate. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., — U.S. —, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983). This is a factual question which is controlled by our decision in N & D Fashions, Inc. v. DHJ Industries, Inc., 548 F.2d 722, 725-27 (8th Cir.1977), and by “the federal policy favoring arbitration” in contracts governed by the Arbitration Act. Moses H. Cone Memorial Hospital, 103 S.Ct. at 941.
After a careful review of the parties’ arguments, we find that the record evidence, including the parties’ subsequent course of dealings, shows that they had agreed to arbitrate this dispute. See U.C.C. §§ 2-204, 1-205 (1976); Transcript of Motion Hearing at 47,18, 22, 23 & 27. Accordingly, we affirm the result reached by the District Court.

. The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota.