**In re MOR–BEN INSURANCE MARKETS CORPORATION, a California corporation, Debtor-in-possession.**

**MOR–BEN INSURANCE MARKETS CORPORATION, Plaintiff,**

**v.**

**EXCESS INSURANCE COMPANY, LTD.; J.S. Pincham & Company; Lander Haywood Ltd.; Defendants.**

**Adv. No. C85 0846–LM11.**

United States Bankruptcy Court, S.D. California.

March 28, 1986.

John N. Frye, Karen Ventrell, LeBoeuf, Lamb, Leiby & MacRae, San Francisco, Cal., for Excess Ins. Co., Ltd.

Morton Hoffman, David L. Buchbinder, San Diego, for Mor-Ben Ins. Markets Corp.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN J. HARGROVE, Bankruptcy Judge.

The motion of defendant Excess Insurance Company, Ltd. for an order to stay the above entitled adversary proceeding and to compel arbitration came on for hearing by the court on January 23, 1986. Morton Hoffman and David L. Buchbinder appeared on behalf of plaintiff Mor-Ben Insurance Markets Corporation and John N. Frye and Karen Ventrell appeared on behalf of defendant Excess Insurance Co., Ltd.

The Court having considered the declarations and memoranda of points and authorities and other documents in support of and in opposition to the motion, having heard the arguments of counsel, and being fully advised in the matter, makes Findings of Facts and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Plaintiff Mor-Ben Insurance Markets Corporation ("Mor-Ben") is a California corporation with its principal office in San Diego, California.

2. Defendant Excess Insurance Company, Ltd. ("Excess") is organized under the laws of Great Britain and has its principal office in London, England.

3. Defendants J.S. Pincham and Company and Lander Haywood, Ltd. are business entities organized under the laws of England with their principal places of business in London, England.

4. On September 30, 1982, Mor-Ben filed a voluntary petition for Chapter 11 reorganization in the United States Bankruptcy Court for the Southern District of California.

5. On August 29, 1985, Mor-Ben filed the instant adversary complaint (No. C85 0846–LM11) in the United States Bankruptcy Court for the Southern District of California against Excess Insurance Company, Ltd., J.S. Pincham & Company, and Lander Haywood Ltd.

6. Mor-Ben and Excess executed an agreement known as Memorandum of Agreement Number 00262 ("Agreement"), whereby Mor-Ben was authorized to bind various types of insurance for Excess.

7. Clause 15 of the Agreement contains an arbitration provision which provides that "any dispute arising under this Agreement shall be submitted to the decision of a panel of arbitrators...."

8. The Agreement involves transactions and matters in interstate and international commerce.

9. Arbitration is the most expeditious manner to resolve the dispute between the parties, which dispute involves the complexities of the insurance industry and insurance accounting practices.

## CONCLUSIONS OF LAW

1. The Agreement executed by Mor-Ben and Excess is a valid and binding agreement.

2. The disputes asserted in Mor-Ben's adversary complaint are included within the scope of the arbitration provision of the Agreement.

3. Mor-Ben and Excess agreed to arbitrate the dispute alleged in the adversary complaint.

4. By compelling arbitration, the court is upholding the intentions of the parties.

5. Compelling arbitration under these circumstances is consistent with and will further federal policy favoring expeditious and economic resolution of claims.

6. The Agreement is subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 21 U.S.T. 2517, T.I.A.S. No. 6997 Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and federal case law. Title 9 U.S.C. § 201 provides that the Convention shall be enforced in United States courts.

7. Federal law governs the question of whether the parties have agreed to arbitrate. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

8. The question of what claims fall within the scope of an arbitration agreement is to be determined by federal law. *ATSA of California, Inc. v. Continental Ins. Co.,* 702 F.2d 172 (9th Cir.1983). Any doubts as to the arbitrability of Mor-Ben's claims are to be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

9. There is a strong federal policy favoring enforcement of international arbitration agreements. (*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* —— U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). Federal law and policy unequivocally support enforcement of private arbitration agreements entered into by citizens of the United States and foreign nations. *In re Hart Ski Mfg., Co.,* 18 B.R. 154 (Bkrtcy.D.Minn.1982) *citing Scherk v. Alberto-Culver Co., supra,* 417 U.S. at 519, 94 S.Ct. at 2457.

10. This court is bound by decisions of the United States Supreme Court which have upheld federal policy interests favoring arbitration over arguments that statutory claims are nonarbitrable. (*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* —— U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974).

The federal policy interests upheld in *Mitsubishi* and controlling case law of the Ninth Circuit, *In re J.B. Morgan, Jr.*, 28 B.R. 3, 5 (Bkrtcy.App. 9th Cir.1983), compel this court to stay the adversary proceedings and order the parties to arbitrate.

11. In *In re J.B. Morgan, Jr., supra*, 28 B.R. at 5, the court held that a reorganization debtor is bound by the mandatory arbitration provisions contained in a contract. In that case, the court stated that it may be appropriate to enforce an agreement to arbitrate even if a defendant has made a claim against the estate. The court cited *In re Hart Ski Mfg., Co.*, 18 B.R. 154 (Bkrtcy.D.Minn.1982) with approval.

12. In *In re Hart Ski Mfg., Co.*, 18 B.R. 154 (Bkrtcy.D.Minn.1982), the bankruptcy court held that a U.S. debtor in reorganization must arbitrate its claims against a creditor-foreign corporation pursuant to an arbitration agreement. The Court of Appeals for the Eighth Circuit affirmed the decision by the bankruptcy and federal district courts which ordered arbitration. *In re Hart Ski Mfg. Co. Inc.*, 711 F.2d 845 (8th Cir.1983), *aff'd* 22 B.R. 763 (Bkrtcy.D. Minn.1982). This court is of the opinion that *In re Hart Ski Mfg. Co.* provides support for an order to compel arbitration in this case.

13. This court is of the opinion that *Braniff Airways, Inc. v. United Air Lines, Inc. (In re Braniff Airways, Inc.)*, 33 B.R. 33 (Bkrtcy.N.D.Tex.1983) is distinguishable and not controlling. The claims before the bankruptcy court in *Braniff* did not fall within the scope of the arbitration agreements whereas Mor-Ben's claims are within the scope of its arbitration agreement with Excess. Additionally, the claims in *Braniff* involved special bankruptcy questions such as priority of disputes between claims. In the case at bar, Mor-Ben is suing to collect an alleged account receivable on the basis of what constitutes a state law contract and bad faith claim. This type of proceeding does not involve "federally created rights" for adjudication in bankruptcy.

Additionally, the *Braniff* case was decided prior to the United States Supreme Court's decision in *Mitsubishi*, and does not afford the proper recognition and enforcement of an international arbitration agreement as required by the United States Supreme Court. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., supra*, 105 S.Ct. 3346.

14. Debtor failed to substantiate its argument that arbitration in London is impractical because of the allegedly greater expense and delay necessitated by arbitration of the claims. Debtor's argument does not refute the strong federal preference for arbitration. (*In re Hart Ski Mfg. Co., Inc., supra*, 22 B.R. at 765.)

15. Excess has established, and Mor-Ben has not disputed, that an agreement to arbitrate exists and the claims brought by Mor-Ben are within the scope of the arbitration agreement. Federal law and policy require this court to grant Excess's motion to stay the adversary proceedings and compel arbitration.

## ORDER GRANTING STAY OF THE ADVERSARY PROCEEDING AND COMPELLING ARBITRATION

The motion of defendant Excess Insurance Company, Ltd. for an order to stay the above entitled adversary proceeding and to compel arbitration came on for hearing by the court on January 23, 1986. Morton Hoffman and David L. Buchbinder appeared on behalf of plaintiff Mor-Ben Insurance Markets Corporation and John N. Frye and Karen Ventrell appeared on behalf of defendant Excess Insurance Co., Ltd.

The Court having considered the declarations and memoranda of points and authorities and other documents in support of and in opposition to the motion, having heard the arguments of counsel, and being fully advised in the matter, grants the motion of Excess Insurance Company, Ltd. to stay these proceedings and compel arbitration.