**In re SMITH JONES, INC., Debtor.**

**INTERNATIONAL MOLDERS AND ALLIED WORKERS UNION, AFL–CIO–CLC, LOCAL NO. 268, Plaintiff,**

**v.**

**SMITH JONES, INC., Defendant.**

**INTERNATIONAL MOLDERS AND ALLIED WORKERS UNION, AFL–CIO–CLC, LOCAL NO. 74, Plaintiff,**

**v.**

**SMITH JONES, INC., Defendant.**

Bankruptcy No. 4–81–568(O).
Adv. Nos. 4–81–209(O), 4–81–387(O).

United States Bankruptcy Court,
D. Minnesota.

Dec. 29, 1981.

David M. Cook, of Kircher & Phalen, Cincinnati, Ohio, for plaintiffs.

Steven B. Nosek, of Wagner, Johnston & Falconer, Ltd., Minneapolis, Minn., for debtor/defendant.

## MEMORANDUM AND ORDER

KENNETH G. OWENS, Bankruptcy Judge.

These controversies are before the court on the motion of each plaintiff Union Local for expedited hearing and for relief from stay to permit arbitration of certain grievances.

1. See *Buffington v. Adams,* 676 F.2d 703 (8th Cir. 1981).

There are no essential disputed facts and the court has the benefit of the respective memoranda of the parties and argument heard on November 12, 1981.

Smith Jones, Inc. continuing its business operations as debtor under Chapter 11 of the Bankruptcy Code, either directly or through divisions operates manufacturing facilities at Elyria, Ohio where some of its employees are represented by Local No. 268 and at Kellogg, Iowa where some of its employees are represented by Local No. 74, each affiliated with the International Molders and Allied Workers Union.

At each location, there was prior to initiation of the Chapter 11 case, a valid and subsisting labor contract between the applicable Local and Smith Jones. Subsequent to filing and to the present, Smith Jones has continued to operate the facilities and employ labor under the mentioned contracts. No action has been taken to accept or reject the contracts under applicable provisions of the Code but the continued operation in effect has resulted in the survival of the contracts and their application to labor relations at both locations.

Prior to the commencement of the proceeding and the resulting stay of judicial, administrative or other proceeding against the debtor pursuant to 11 U.S.C. Section 362, certain grievances, mainly asserting wrongful discharge were being processed as contemplated by the contract through negotiation between the parties or that failing arbitration had been commenced. Article VII of the collective bargaining agreement in Section 7.03 provides for arbitration of unresolved disputes with provision for the selection of arbitrators and the effect of a decision in arbitration. It provides the arbitration procedure operates to resolve "any difference or dispute between the parties as to the interpretation and application of any of the provisions of (the) agreement * * ".

The plaintiff Locals concede the effectiveness of the stay to prevent commencement or continuation of the arbitration process and the resolution of the grievances but they seek to be relieved from its effect to permit them to commence and continue arbitration in accordance with the terms of the collective bargaining agreement. Implicit in the request is the recognition that if this court is an optional forum, it should abstain. The defendant/debtor suggests the stay be continued, the arbitration process remain unavailable, and such grievances or disputes should be determined by this court.

The court must assume the respective collective bargaining agreements, although identical, were reached by Smith Jones and the respective Locals through open and effective collective bargaining. The contract subsists and unquestionably provides for arbitration.

The United States Supreme Court has recognized the favored position enjoyed by arbitration provisions in collective bargaining agreements: *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). As stated in *United Steelworkers v. American Manufacturing Company*:

> "Section 203(d) of the Labor-Management Relations Act, 61 Stat. 154, 29 U.S.C. Section 173(d) states, 'Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement . . .' That policy can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." 363 U.S. at 566, 80 S.Ct. at 1345–1346.

The court there recognized the interrelationship between and the essential nature of an arbitration clause and a "no strike" clause in collective bargaining agreements. In a nonbankruptcy context, it is clear that courts must recognize the binding validity of an arbitration clause in that context and to permit the arbitration process to continue unimpeded. See *American Manufacturing Co.*, supra, where the court stated:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is then confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that connotes that was bargained for."

By the better view, these matters of substance, absent rejection or repudiation of the contract, remained unaffected by the employer's commencement of bankruptcy proceedings under the Bankruptcy Act. *Teamsters, Local 897 v. Bohack Corp.*, 541 F.2d 312 (2nd Cir. 1976). The debtor absent such repudiation or rejection must in order to enjoy the benefits of the agreement comply with its terms except in the case of most exigent circumstances. See *Shopmen's Local No. 455 v. Kevin Steel Products, Inc.*, 519 F.2d 698 (2nd Cir. 1975); *Koven & Brother, Inc. v. Steelworkers, Local 5767*, 381 F.2d 196 (3d Cir. 1967).

The Bankruptcy Code has greatly expanded the jurisdiction of the bankruptcy court and made it an appropriate forum for "all cases under Title 11" and "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11". This court accordingly is a proper forum to obtain construction and to determine application of the collective bargaining agreement. The Code however is silent as to the substantive rights of the contracting party other than to vest the debtor with the right to affirm or reject. The existence of the stay, of course, does imply that under certain exigent circumstances the bankruptcy court might intervene either to deny a forum or to afford one only in this court. There is no evident reason however in these cases, which involve localized matters most conveniently disposed of in situ for this court to take such extraordinary action.

This court does recognize the necessity of its acting exclusively with respect to claims against the debtor's estate. Accordingly the relief afforded here must be adapted to reserve to this court consideration of any money awards which might eventuate from the arbitration process.

ACCORDINGLY, IT IS ORDERED:

1. The stay incident to the commencement of the Chapter 11 proceeding of Smith Jones, Inc. should be and the same hereby is modified to permit commencement and continuation of arbitration proceedings under the respective collective bargaining contracts with respect to each of the grievances referred to in the complaints in the above captioned adversary proceedings.

2. If other grievances or disputes of like nature arise during the term of the contract while the Chapter 11 proceeding remains pending, the applicable labor organization involved may seek equivalent relief from this court from the stay by motion made in these adversary proceedings. Absent such application the stay shall remain in effect pending further order.

3. The bankruptcy court hereby expressly reserves jurisdiction over any monetary award and its enforcement which may result from arbitration of the said disputes.