In re STERLING MINING COMPANY, INC., Debtor.

STERLING MINING COMPANY, INC., Plaintiff,

v.

Robert S. KILGORE and District 28, United Mine Workers of America and Gerald Sharp and John Hayes and Donald Gilbert and Bobby Hodges and John Chaffin, Defendants.

Bankruptcy No. 7–80–01316.
Adv. No. 7–82–0063.

United States Bankruptcy Court,
W. D. Virginia,
Big Stone Gap Division.

March 23, 1982.

James E. Nunley, Bristol, Va., for plaintiff.

Gerald F. Sharp, Castlewood, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether to grant relief from the automatic stay established in § 362 of the Bankruptcy Reform Act of 1978 (the Code), 11 U.S.C. § 362(a), to allow an employee grievance to proceed to arbitration pursuant to a wage contract between the plaintiff debtor, Sterling Mining Company, Inc. (Sterling), and the United Mine Workers of America, District 28 (UMW).

The debtor, Sterling, filed its petition for relief in this Court under Chapter 11 of the Code on November 21, 1980. On or about September 16, 1981, the debtor reactivated its coal mining business and entered into a wage contract with the UMW. The National Bituminous Coal Wage Agreement of 1981 (the contract), has not been approved by this Court, nor had the debtor, prior to the filing of this complaint, requested approval of the contract under § 364(b) of the Code. Nonetheless, the debtor asks, *inter alia*, in this complaint that the Court approve the subject contract. Defendants join in the debtor's request for approval of the contract. Defendants further pray for relief from the automatic stay to proceed to arbitration under the contract.

█ The thrust of debtor's complaint is to enjoin an administrative hearing brought on by defendant Kilgore, a former employee of Sterling Mining Company, a partnership.[1] The administrative hearing was scheduled for February 16, 1982. On February 9, 1982, after hearing argument of counsel for both sides, this Court entered an Order staying the administrative hearing pending resolution of the issues presented by the complaint. The debtor further prays that this Court enjoin the UMW from striking or calling its employees off the job.

In oral argument, counsel for the debtor argued that issues presented by employee grievances should be heard by this Court. The debtor's position is that determination of employee grievances is simply a matter of interpretation of a contract, and that this Court is qualified to resolve simple contract issues. The debtor asserted that since resolution of the issue for defendant Kilgore might entail payment of back wages this Court should assume jurisdiction to hear and resolve the grievance.

Without denying this Court's ability to adjudicate employee grievances, defendants presented compelling legal arguments for relieving the stay and allowing this employee grievance to proceed to arbitration. First, defendants point to the contract in which the parties agreed to settle disputes through arbitration. The contract provides for assembly of a panel of arbiters familiar with the contract and experienced in the industry. The contract further provides that settlements reached in the grievance procedure are final and binding on both parties.

Defendants also referred to the national federal labor policy of encouraging systems of industrial self government. The Labor Management Relations Act 29 U.S.C. §§ 141 et seq., declares the parties' agreed method to be the desired method for settlement of grievance disputes. *See* 29 U.S.C. § 173(d). The Supreme Court has rein-

---

1. Both Sterling Mining Company, a partnership, and Sterling Mining Company, Inc. are before this Court as debtors. The plaintiff debtor in this proceeding Sterling Mining, Inc. alleged at the hearing before this Court that defendant Kilgore was not subject to be reem-

ployed by Sterling Mining, Inc. That and other issues raised by the plaintiff at hearing are more properly defenses to the merits of the defendants' claims, and are irrelevant to the issue of whether the matter should be settled by arbitration.

forced the policy by encouraging "full play" for the grievance settlement procedure established in a collective bargaining agreement. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 566, 80 S.Ct. 1343, 1345–1346, 4 L.Ed.2d 1403 (1960).

This *Steelworkers* case and two others (the *Steelworkers* trilogy) were decided by the Supreme Court together. The conclusion in each case was that a federal court should refrain from adjudicating the merits of a claim subject to arbitration under the parties' contract. *Id.* at 568, 80 S.Ct. at 1346; *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). In a case involving labor issues subject to arbitration, a federal court is confined to "ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." *United Steelworkers v. American Mfg. Co.*, 363 U.S. at 568, 80 S.Ct. at 1346.

Neither party disputes the broad jurisdiction of the bankruptcy court. Section 241(a) of the Code amended 28 U.S.C. by adding a new chapter 90 concerning the jurisdiction of bankruptcy courts. The new chapter vests bankruptcy courts with the powers of a court of law, equity, and admiralty, essentially all powers relating to civil remedies. *See* 28 U.S.C. § 1481. This Court has held that its power extends to matters subject to arbitration. *Cross Electric Co., Inc. v. John Driggs Co., Inc.*, 9 B.R. 408, 412 (Bkrtcy.W.D.Va.1981). It remains in the power of the court, however, to abstain from hearing a particular proceeding "in the interest of justice." 28 U.S.C. § 1471(d). Such a decision to abstain is not appealable. *Id.* In this case, the Court chooses to abstain from hearing the labor issues subject to arbitration.

The debtor has also asked that this Court enjoin a union work stoppage. In general, a binding agreement between a union and a company contemplates that each party make a concession. Specifically, the union gives up its right to strike in return for the company's agreement to submit to binding arbitration. In this proceeding, the debtor company would have this Court deny the union its right to arbitration *and* prohibit it from using its most effective bargaining tool, the strike.

Under the Norris-LaGuardia Act, 29 U.S.C. §§ 101–110, 113–115, a federal court has no jurisdiction to issue restraining orders or injunctions in enumerated circumstances, including, but not limited to, work stoppage. *See* 29 U.S.C. § 104(a). That prohibition extends to bankruptcy courts. *Petrusch v. Teamsters Local 317*, 667 F.2d 297 (2d Cir. 1981). When a union calls a strike over an arbitrable issue, however, a court *may* enjoin such a strike. *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 254, 90 S.Ct. 1583, 1594, 26 L.Ed.2d 199 (1970). The *Boys Markets* exception to the Norris-LaGuardia prohibition of injunctions is strictly limited, and includes a requirement that the employer seeking the injunction must submit to arbitration. *Id.*

Both parties to this proceeding concede that resolution of these issues turns on the Court's approval of the contract. As both parties have requested approval, there appears to be no conflict concerning that issue. This Court is disinclined, however, to enter an approval of a contract it has been unable to inspect.

It is therefore hereby

### ORDERED

1) that the debtor submit a copy of the subject contract to the Court forthwith, and no later than ten days from the date of entry of this Order;

2) contingent upon the Court's approval of the subject contract, that the agreement of the parties therein to submit labor disputes to arbitration be upheld, that the temporary injunction entered on February 9, be lifted, and that the defendants' request for relief from the automatic stay be granted to allow arbitration to settle the dispute, but that the defendants may not proceed to enforce any award except with further approval of this Court; and,

3) further contingent upon the Court's approval of the subject contract, that plaintiff debtor's request for an injunction against strikes or work proceeding if necessary to assure orderly resolution of labor disputes in accordance with this opinion.

It is further

### ORDERED

that the issues being herein resolved, the hearing set for March 25, 1982, to further adjudicate this proceeding is cancelled. There being no further issues to resolve, this proceeding is closed and removed from the docket of the Court.