**David COAR, not individually but as Trustee for and statutory successor to Lester Witte & Company, Plaintiff,**

v.

**Tory BROWN, Defendant.**

No. 83 C 0259.

United States District Court,
N.D. Illinois, E.D.

May 5, 1983.

Ronald R. Peterson, Larry M. Wolfson, Donald R. Cassling, Catherine Steege, Jenner & Block, Chicago, Ill., for plaintiff.

Paul M. Levy, Michael J. Devine, Scott B. Greene, Terese Keirnan-Shust, Deutsch, Levy & Engel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

David Coar ("Coar"), as a trustee and statutory successor to Lester Witte & Company ("Witte") sued Tory Brown ("Brown") for a partnership accounting, for his share of partnership debts, for breach of partnership agreement, and to void the transfer and withdrawal of partnership assets. Presently pending is Brown's motion for a stay of the instant action pending an arbitration proceeding pursuant to 9 U.S.C. § 3. For reasons set forth below, Brown's motion is denied.

Brown withdrew as a partner from Witte in August of 1980. On June 9, 1981, Witte filed a demand for arbitration with the American Arbitration Association in an effort to resolve issues raised by Brown's withdrawal from the firm. However, on April 15, 1982, the American Arbitration Association informed the parties that due to the filing of a bankruptcy petition on behalf of Witte, arbitration proceedings were stayed. Brown cites an arbitration clause in the partnership agreement between himself and Witte, and would have this Court stay the present action pending resolution of the arbitration proceedings. The arbitration clause at issue provides that

> [e]xcept as provided in Article 13, any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association for commercial disputes, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

According to Section 3 of the United States Arbitration Act,

[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

There exists strong federal policy favoring arbitration of disputes falling with the purview of the aforecited act. *Galt v. Libbey-Owens-Ford Glass Co.,* 376 F.2d 711, 714 (7th Cir.1967). Nevertheless, where a case raises important federal issues, courts have refused to grant stays of litigation pending arbitration, notwithstanding the existence of arbitration clauses. *E.g., Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). The instant case involves the Bankruptcy Code; for example, in Count I, Coar asserts that an accounting which Brown wants the partnership to accept fails to acknowledge that any potential set-off against Witte to which Brown may be entitled must be subordinated to claims of general unsecured creditors of the Witte estate pursuant to 11 U.S.C. §§ 509(b)(1) and 510(c). Count II cites these same sections of the Code and seeks to subordinate to the claims of unsecured creditors any amounts to which Brown may be entitled under the Partnership Agreement. Count III seeks to hold Brown liable pursuant to 11 U.S.C. § 723 for creditors' claims attributable to partnership debts incurred prior to the date of Brown's withdrawal from the partnership. As a result, Coar argues that he is asserting claims which only creditors of Witte could bring if the Bankruptcy petition had not been filed. Thus, in addition to the federal policy favoring arbitration, the instant matter also involves policies underlying the Bankruptcy Code, such as the protection and administration of an estate for the benefit of the bankrupt and its creditors.

In resolving the interplay between the Bankruptcy Code and the United States Arbitration Act in a particular case, courts have considered

> the public interest in the dispute, the degree to which the nature of the evidence made the judicial forum preferable to arbitration and the extent to which the agreement to arbitrate was a product of free choice.

*Allegaert v. Perot,* 548 F.2d 432, 436 (2d Cir.1977), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959–60, 53 L.Ed.2d 1084 (1977). We disagree with Brown's assertion that the instant controversy is merely a private matter devoid of public interest. The presence of a trustee in bankruptcy is one factor which indicates that the public interest is implicated, since the trustee represents the creditors of the estate. *Id.; Himebaugh v. Smith,* 476 F.Supp. 502, 509 (C.D.Cal.1978). Perhaps, most important in the instant case is the fact that Coar, as trustee in bankruptcy, is a different legal entity from Witte, the bankrupt. *Allegaert, supra,* 548 F.2d at 435–36. Coar asserts several causes of action belonging to him as trustee for the benefit of Witte's creditors, claims which do not belong to Witte. While Witte freely agreed to the arbitration clause in the partnership agreement, its creditors did not. Thus, Coar as trustee should not be compelled to arbitrate these claims.[1] *Alle-*

---

1. It is possible, as Brown argues, that Witte is obligated to Brown. But as some courts have held, allowing an arbitrator to decide the preference of one creditor's claims as against other creditors of the bankrupt is inappropriate. *Johnson v. England, supra,* 356 F.2d at 52; *Bohack Corp. v. Truck Drivers Local Union No. 807,* 431 F.Supp. 646, 653 (E.D.N.Y.1977), *aff'd,* 567 F.2d 237 (2d Cir.1977), *cert. denied,* 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 117 (1978).

We also note that the second factor to be considered in granting a stay of proceedings pending arbitration, "the degree to which the nature of the evidence made the judicial forum preferable to arbitration," *Allegaert, supra,* 548 F.2d at 436, suggests that this proceeding should not be stayed. In addition to delaying this action, arbitration would not provide Coar with the discovery rights he would receive in a federal forum.

*gaert, supra* at 436; *Johnson v. England,* 356 F.2d 44, 51 (9th Cir.1966), *cert. denied,* 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966).

Accordingly, Brown's motion for a stay is denied. It is so ordered.