**In re ALLEN & HEIN, INCORPORATED, a California corporation, Debtor.**

**Bankruptcy No. 85–00328–LM11 (RS–1222).**

United States Bankruptcy Court, S.D. California.

April 10, 1986.

Don Bokovoy, Karp & Richardson, San Diego, Cal., for debtor.

Henry M. Willis, Schwartz, Steinsapir, Dorhmann & Sommers, Los Angeles, Cal., for movant.

MEMORANDUM DECISION

RE: MOTION FOR RELIEF FROM STAY

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Movant Orange Belt District Council of Painters No. 48 ("Union") seeks relief from the automatic stay in order to arbitrate a dispute between it and debtor concerning interpretation of their collective bargaining agreement (the "Agreement"). Union contends that a non-debtor corporation controlled by the wife of the principal shareholder and officer of debtor is a "controlled entity" under the terms of the Agreement.

If the Union proves its allegations, the wife's corporation, Color Unlimited, would also be subject to the Agreement. The parties to this dispute commenced arbitration proceedings in June 1984, before an arbitrator jointly selected. The parties were scheduled to resume their arbitration in February 1985, and would have but for the filing of the debtor's petition.

## ISSUE

Whether relief from the automatic stay of § 362(a)(1) should be granted to allow an arbitration proceeding pending at the time the petition for relief is filed to go forward.

## DISCUSSION

Federal law strongly favors enforcement of arbitration agreements. The United States Supreme Court has expressly recognized this policy. *United Steel Workers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Indeed, in most instances, a stay of judicial proceedings pending arbitration has been legislatively mandated pursuant to the Arbitration Act.[1]

Few courts have had occasion to discuss the interplay between the federal policy favoring arbitration and the protections afforded debtor under the Bankruptcy Code. Those courts that have addressed this issue have expressed markedly divergent views. Some courts have determined that the policy of expeditious resolution of bankruptcy matters supersedes the policy favoring arbitration and have denied relief from the stay. *Zimmerman v. Continental Airlines, Inc.*, 712 F.2d 55 (3d Cir.1983), *In re Braniff Airways, Inc.*, 33 B.R. 33 (Bankr. N.D.Tex.1983). Other courts have resolved any conflict between these two policies in favor of enforcing arbitration agreement. *In re H.B. Morgan, Jr.*, 28 B.R. 3, 10 BCD

305 (Bankr. 9th Cir.1983); *In re Smith Jones, Inc.*, 17 B.R. 126 (Bankr.D.Mich. 1981); *In re Sterling Mining Co.*, 21 B.R. 66 (Bankr.W.D.Va.1982). Still other courts have resolved the issue by determining that an arbitration agreement is not binding on a trustee since the trustee is a separate legal entity and therefore not a party to the agreement. *Johnson v. England*, 356 F.2d 44 (9th Cir.1966); *Coar v. Brown*, 29 B.R. 806, 8 CBC2d 1208 (N.D.Ill.1983).

The decision of whether or not to grant relief from the stay to allow parties to a collective bargaining agreement to arbitrate a dispute over the objection of debtor, is within the sound discretion of the bankruptcy judge. *Zimmerman, supra,* at 59–60.

This Court is aware that many courts have not enforced arbitration agreements in the bankruptcy context. One of the most recent decisions in this area is *Zimmerman, supra,* in which the court balanced the competing policies of the Bankruptcy Code with the federal policy favoring arbitration under the Arbitration Act, and concluded that the Bankruptcy Code was intended to supersede the provisions favoring arbitration. The court stated:

> Because of the importance of bankruptcy proceedings in general and the need for the expeditious resolution of bankruptcy matters in particular, we hold that the intentions of Congress will be better realized that the Bankruptcy Reform is read to impliedly modify the Arbitration Act. Thus, while a bankruptcy court would have the power to stay proceedings pending arbitration, the use of this power is left to the sound discretion of the bankruptcy court. *Id.* at 5960.

Other courts have followed *Zimmerman* and refused to order arbitration. Among these are *Coar v. Brown*, 29 B.R. 806 (N.D.Ill.1983); and, *In re Braniff Airways,*

---

**1.** Section 3 of the Arbitration Act provides:

If any suit or pending proceeding be brought in any of the courts of the United States upon any issue referrable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referrable to arbitration

under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3.

*Inc.*, 33 B.R. 33 (Bankr.N.D.Tex.1983). In *Zimmerman,* as well as in the older decision of the Ninth Circuit in *Johnson v. England, supra,* a trustee had been appointed. The fact of the trustee's appointment in each case was critical to the court's analysis. In the instant case, no trustee has been appointed, and the only parties before the court are the two parties to the agreement, enforcement of which is sought. Moreover, a recent decision of the Bankruptcy Appellate Panel of the Ninth Circuit has refused to apply that reasoning. *In re H.B. Morgan, Jr., supra.* Accordingly, the rationale of those cases is inapplicable to the case at bar.

■ Where a party opposes relief from the automatic stay, the Bankruptcy Code places the burden of proof on the party opposing relief from the stay. § 365(g)(2). Here, debtor has failed to meet the burden imposed in order to allow the stay to remain in effect.

■ Debtor opposes relief from the stay on two grounds: First, debtor argues that allowing arbitration is tantamount to allowing or disallowing a claim which is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Second, debtor argues that granting relief would subject debtor to "additional costs and loss of time and expenses" by proceeding in a forum other than in the Bankruptcy Court. The Court is not persuaded.

Debtor misconstrues the nature of the relief to be granted in this case. The issue to be resolved at the arbitration proceedings is whether Color Unlimited is a controlled entity under the collective bargaining agreement between debtor and Union, and not whether a claim by Union will be allowed in debtor's case. This is expressly recognized in Union's motion:

> The union should be allowed relief from stay in order to pursue its pending arbitration proceeding with … reservation by the bankruptcy court of jurisdiction over any monetary award and its enforcement which may result from arbitration of said dispute. *Points and Authorities in Support of Motion,* at 7.

In *Smith Jones,* 17 B.R. 126 (Bankr.Minn. 1981), the bankruptcy court allowed a dispute between a debtor and a union to proceed to arbitration, reserving jurisdiction over any award resulting from the arbitration process. *Id.* at 128. Similarly, this Court recognizes the importance of retaining its exclusive jurisdiction over determining claims against debtor's estate and the limited relief extended to Union protects that jurisdiction.

Debtor's second ground for opposing relief is that it will be subjected to "additional costs and loss of time and expenses" by appearing in a forum other than the Bankruptcy Court. Debtor has failed to explain why this is so. Union's initial concern is to obtain documents to assist it in demonstrating that Color Unlimited is a "controlled entity". No explanation is given as to why it would be more expensive to produce these records and proceed in the arbitration proceeding, than to do so in the Bankruptcy Court. In fact, the opposite is true. On the facts before the Court, it appears that a substantial sum of money has already been expended in the arbitration proceedings (as evidenced by the 125 page transcript of the 1984 arbitration hearing). Were this Court to deny the relief requested, those monies would have been wasted. Debtor has simply failed to substantiate its allegation concerning these additional costs. Further, at least one court has determined that mere costs of litigation are not relevant to the issue of relief from the automatic stay. *In re Nicholas, Inc.,* 55 B.R. 212, 13 BCD 1022 (Bankr.N.J.1985).

Finally, the Court is not persuaded that the need for expeditious resolution of bankruptcy matters (which might be cause to supersede an arbitration clause freely negotiated) is actually present in this case. Debtor filed for relief more than 14 months ago. No plan of reorganization has been filed. Debtor has failed to demonstrate that the arbitration proceeding would be less expeditious than proceeding in the Bankruptcy Court.

Accordingly, the stay is lifted to allow Union to proceed with arbitration. This Court expressly reserves jurisdiction over any monetary award and its enforcement which may result from arbitration.

This Memorandum of Decision shall constitute findings of fact and conclusions of law · pursuant to Bankruptcy Rule 7052. Counsel for Union shall prepare an order in conformance with this Decision within ten (10) days from the date of entry hereof.