In re FLECHTNER PACKING COMPANY, Debtor.

UNITED FOOD AND COMMERCIAL WORKERS LOCAL 626, Plaintiff,

v.

FLECHTNER PACKING COMPANY, Defendant.

Bankruptcy No. 84–00543.
Adv. No. 85–0278.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 4, 1986.

Jeffrey Julius, Toledo, Ohio, for plaintiff.

James M. Perlman, Toledo, Ohio, for debtor/defendant.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Defendant/Debtor's motion to dismiss the complaint of Plaintiff United Food and Commercial Workers Local 626 to compel arbitration. For the reasons stated below, the Defendant's motion is well taken and should be granted.

### FACTS

Plaintiff and Defendant negotiated a collective bargaining agreement in 1983, setting forth the wages, hours and other working conditions for members of the unit represented by Plaintiff. This collective bargaining agreement went into effect on January 15, 1984. The agreement contained a grievance arbitration procedure for resolving all disputes and/or differences arising under the agreement, the last step of which was a binding arbitration. Defendant, on April 6, 1984, filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. On April 9, 1984, Defendant unilaterally rejected the collective bargaining agreement. Grievances were submitted by the union and its members under the collective bargaining agreement from March 7, 1984 until August 9, 1985. These grievances were rejected by Defendant. Plaintiff made a demand to arbitrate these grievances on August 8, 1985.

Plaintiff, on September 20, 1985, filed a complaint to compel arbitration pursuant to the collective bargaining agreement. Defendant filed a motion to dismiss the complaint claiming that 1) the collective bargaining agreement was unenforceable; 2) the court did not have jurisdiction to hear

this matter; 3) Plaintiff's remedy is to file a proof of claim; and 4) the action is "moot."

## DISCUSSION

The issue in this case is the arbitrability of the grievances submitted by the Plaintiff and its members pursuant to Article XIV of the collective bargaining agreement between Plaintiff and Defendant, which provides in pertinent part that:

> In the event the grievance has not been settled ... it shall be referred to a Board of Arbitration.

This court must determine if arbitration of the grievances submitted by Plaintiff and its members is proper.

A distinction must be made between the post-petition and pre-petition grievances. Disposition of the post-petition grievances is governed under the *Bildisco* ruling. The pre-petition grievances merit separate consideration.

11 U.S.C. § 1113 is not controlling in the instant situation as Defendant's bankruptcy petition was filed before July 10, 1984. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984). Rather, *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), provides the governing proposition. By filing a petition in bankruptcy, "the collective bargaining agreement is no longer immediately enforceable, and may never be enforceable again." *Id.* at 532, 104 S.Ct. at 1199. The Debtor-in-Possession need not, after filing a petition, comply with the collective bargaining agreement. The court stated that:

> The fundamental purpose of reorganization is to prevent a Debtor from going into liquidation ... Thus, the authority to reject an executory contract is vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the Debtor's estate from burdensome obligations that can impede a successful reorganization.

*Id.* at 528, 104 S.Ct. at 1197–98.

The facts in *Bildisco* are analogous to the instant situation as the Debtors, in both cases, filed a voluntary Chapter 11 petition and failed to meet some of their obligations under the collective bargaining agreement. The Court, in *Bildisco*, allowed unilateral rejection of the collective bargaining agreement by a Debtor if "the Debtor can show that the collective bargaining agreement burdens the estate and that after careful scrutiny, the equities balance in favor of rejecting the labor contract." *Id.* at 526, 104 S.Ct. at 1196.

The equities to be balanced include the rights of the workers and the policies of a Chapter 11 bankruptcy case. *In re Valley Kitchens, Inc.*, 58 B.R. 6, 9 (Bkrtcy.S.D.Ohio 1985); *see also Bildisco, supra*, 465 U.S. at 527, 104 S.Ct. at 1197. Another factor to be considered concerns the purpose of the reorganization. If the purpose of the Chapter 11 case is to "produce a liquidation plan acceptable to creditors rather than to have the case converted to a straight bankruptcy and liquidated by a trustee, then jobs are irrelevant." Merrick, *Dynamics of Collective Bargaining*, 91 Commercial Law Journal 169, 211 (1986). National labor policy is premised on continuing negotiations between viable entities. If the business is no longer ongoing, labor policies should not be a consideration in the strictly bankruptcy setting. Merrick, *Id.* at 211.

In the instant situation, Defendant's business is no longer ongoing. Defendant is, rather, attempting to sell the business equipment and building. Thus, Defendant does not envision ongoing negotiations. Therefore, labor policy should not play a role in determining this issue. The equities balance in favor of rejection of the contract. Defendant, then properly rejected the burdensome collective bargaining agreement, nullifying the post-petition grievances. The bankruptcy estate that remains is to be distributed in accordance with bankruptcy policies. Merrick, *Id.* at 210.

Having resolved the arbitrability of the post-petition grievances, analysis of the

pre-petition grievances follows. In *In re F & T Contractors, Inc.*, 649 F.2d 1229 (6th Cir.1981), the court reviewed a Bankruptcy Judge's decision to refuse to compel arbitration of a contract dispute. The court held that the decision to compel or deny arbitration is discretionary with the Bankruptcy Judge. *Id.* at 1232. The factors considered by the court in determining the necessity of arbitration included the effect arbitration would have on the amount, existence and priority of claims to be paid out of the general funds and the fact that those creditors whose interest would be affected would be unable to participate in the arbitration proceedings. *In re F & T Contractors, Inc., supra*, at 1232. Additionally, the court stated that:

> [T]he issues to be resolved did not require the special expertise an arbitrator would bring to the decision-making process.

*Id.* at 1233. *See also N.L.R.B. v. Superior Forwarding, Inc.*, 762 F.2d 695 (8th Cir. 1985) (Bankruptcy Court has discretion and authority to enjoin federal regulatory proceedings which threaten estate assets).

■ If the court were to compel arbitration of the grievances submitted by the Plaintiff, the cost of arbitration, as well as the delay in administration of the estate, would unnecessarily burden the bankruptcy estate. *See In re Valley Kitchens, Inc., supra*, 56 B.R. at 9. Additionally, the grievances do not require an arbitrator's expertise for resolution. Rather, a properly filed and executed proof of claim is prima facie evidence of that claim and will be allowed unless a party in interest objects. See Bankruptcy Rule 3001(f); 11 U.S.C. § 502(a). Plaintiff and/or its members may, then, file a proof of claim for each grievance, which claim will be allowed unless an objection is made by a party in interest. In this fashion, depletion of estate assets and passage of time will be avoided, allowing for distribution to creditors in accordance with bankruptcy policy.

In light of the foregoing reasons, it is therefore

ORDERED that Plaintiff's complaint to compel arbitration be, and it hereby is, dismissed with prejudice. It is

FURTHER ORDERED that plaintiff and/or its members be, and they hereby are, granted leave to file proof of claims on or before 90 days from the date of this order.