## In re AL–CAM DEVELOPMENT CORP., Debtor.

**Bankruptcy No. 87 B 30578.**

United States Bankruptcy Court, S.D. New York.

May 5, 1989.

**574**

Kronish, Lieb, Weiner & Hellman, New York City, for Woodbury Common Partners.

Martin Charwat, Poughkeepsie, N.Y., Trustee.

M. Carl Levine, Morgulas & Foreman, New York City, for trustee.

Gainsburg, Greene & Hirsch, Purchase, N.Y., for creditors.

Richard C. Fields, P.C., Pearl River, N.Y., for R.P. Tveit Contractors, Inc.

DECISION ON MOTION FOR AN ORDER DETERMINING THAT BANKRUPTCY COURT, AND NOT AN ARBITRATION PANEL, IS THE PROPER FORUM FOR DETERMINING VALIDITY AND AMOUNT OF CLAIM FILED BY WOODBURY COMMON PARTNERS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Woodbury Common Partners ("Woodbury"), a creditor holding the largest claim against the Chapter 7 debtor, Al–Cam Development Corp., seeks an order determining that the Bankruptcy Court and not an arbitration panel is the proper forum for resolving all claims between Woodbury and the debtor. Woodbury also moves for an order directing the trustee to take steps to recover the arbitration initiation fee of $14,380.11 which the trustee paid to the American Arbitration Association.

The trustee in bankruptcy, the chairman of the aborted Chapter 11 creditors' committee and various creditors who are subcontractors under two general construction contracts with the debtor, oppose Woodbury's motion. The non-Woodbury creditors have agreed to contribute approximately $164,000 to defray the trustee's costs of arbitration in his dispute with Woodbury in the belief that arbitration, rather than court litigation, would more expeditiously resolve the factual disputes arising under the construction contracts between the parties so that the subcontractor creditors might realize some payment on their claims. A hearing was held on May 3, 1989.

FACTUAL BACKGROUND

On November 17, 1987, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. By order of this court dated August 26, 1988, the debtor's case was converted to a liquidation case under Chapter 7 of the Code. Thereafter, Martin A. Charwat, Esq. was selected by the United States trustee to act as the trustee in bankruptcy. The appointment of the trustee was then approved by the court.

Prior to the filing date, the debtor and Woodbury entered into two contracts, dated May 1, 1985 and November 24, 1986, respectively. Under these contracts the debtor was retained as a general contractor to build a shopping center of approximately 300,000 square feet of stores in Central Valley, New York. Each of the contracts contains an arbitration clause which requires that all disputes arising between Woodbury and the debtor relating to the construction contracts shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The construction contracts also require that all contracts entered into by the debtor with subcontractors and all other persons performing services in the construction of the shopping center shall contain provisions that bind all subcontractors and such parties to all of the terms of the two construction contracts, including the arbitration clauses. Additionally, the construction contracts provide that Woodbury, the debtor and the American Arbitration Association may join third parties to arbitration between the debtor and Woodbury if the third parties consent to such joinder or if third parties are substantially involved in a common question of fact, or if complete relief cannot be accorded without the joinder of such parties.

Disputes arose between Woodbury and the debtor concerning the debtor's performance under the contracts, including whether the debtor built the shopping center in accordance with plans, specifications and provisions required by the construction contracts.

Pursuant to the arbitration clauses in the construction contracts, Woodbury served upon the debtor a Notice of Intention to Arbitrate, dated November 3, 1987, in accordance with New York Civil Practice Law and Rules § 7503(c). Woodbury requested the commencement of arbitration proceedings under the aegis of the American Arbitration Association. Thereafter, the American Arbitration Association issued to the parties a list of prospective arbitrators for their disputes in accordance with the Construction Industry Arbitration Rules. Woodbury did not reject any proposed arbitrator.

Before the arbitration proceeding which Woodbury initiated could proceed further, the debtor filed its Chapter 11 petition with the Bankruptcy Court on November 17, 1987, which was thereafter converted to Chapter 7. Pursuant to 11 U.S.C. § 362, Woodbury's arbitration proceeding was automatically stayed. Woodbury then filed a proof of claim against the debtor for $14 million. Woodbury's claim is based upon alleged gross construction deficiencies; overcharging by the debtor; the cost of correcting the deficiencies and complying with building codes and specifications; and the debtor's alleged failure to complete the construction on time and to complete it at cost.

The trustee in bankruptcy apprised himself of the disputes between the debtor and Woodbury and conferred with the parties. He then decided that an arbitration panel should determine the validity and amount of Woodbury's $14 million claim. In addition to Woodbury's claim against the debtor, Woodbury also asserts claims against various subcontractors retained by the debtor who allegedly performed improper construction services under the general construction contracts.

Pursuant to a letter dated January 13, 1989, the trustee in bankruptcy wrote to the American Arbitration Association requesting that the arbitration proceeding commenced by Woodbury should proceed and that a panel be selected. He enclosed his trustee's check in the sum of $14,380.11, which the American Arbitration Association advised him was the amount due from the debtor in order to proceed with the arbitration proceeding. Woodbury then wrote a letter to the trustee advising him that the payment was not in the ordinary course of business and that court authorization was required.

Woodbury opposes a continuation of the arbitration proceeding which it commenced and reasons that the Bankruptcy Court should exercise its discretion and direct that all litigation should be conducted under the jurisdiction of the Bankruptcy Court for various reasons, including: 1. Arbitration does not provide the discovery rights and a complete record available in a federal forum; 2. The interests of all creditors of this estate are affected by the outcome of the arbitration; 3. Expertise beyond that of a bankruptcy judge is not necessary to adjudicate fairly the issues at bar; 4. The anonymity of the arbitration panel and their track record in resolving disputes is not known; 5. Arbitration would cause delay and depletion of the debtor's estate; 6. The trustee is not a party to the arbitration agreement because he is a different entity than the prepetition debtor.

The trustee in bankruptcy opposes Woodbury's motion and contends that his decision to continue the arbitration proceeding commenced by Woodbury is based upon sound business judgment and in the exercise of normal trustee duties. The trustee maintains that the disputes under the construction contracts to which the parties agreed in writing to arbitrate should be resolved by arbitration because: 1. The expertise and experience of the arbitration panel familiar with construction contracts is needed to resolve the disputes in question; 2. The non-Woodbury creditors have agreed to defray the trustee's arbitration expenses; 3. The disputes in question involve technical and esoteric issues of fact within the expertise of the arbitration panel.

## DISCUSSION

Generally, the issue as to whether or not a bankruptcy court should allow a dispute

to be resolved by an arbitration forum to which the parties agreed implicates the clash of two federal statutes. On one hand, consideration must be given to the Bankruptcy Code and the automatic stay under 11 U.S.C. § 362, which is designed to centralize all disputes in the bankruptcy court in order to ensure the orderly and expeditious rehabilitation of debtors or the liquidation of their assets. On the other hand, the United States Arbitration Act of July 30, 1947, 9 U.S.C. §§ 1–208, reflects a strong federal policy favoring arbitration where the parties previously contracted to arbitrate their disputes. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Prima Paint Corporation v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). This federal policy has been extended with special force in the field of international commerce. *Mitsubishi Motors Corporation v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (international arbitration clause held enforceable when in conflict with federal anti-trust laws); *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) *reh. denied*, 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974) (international arbitration clause held enforceable when in conflict with federal securities laws); *Hart Ski Manufacturing Co., Inc. v. Maschinenfabrik Hennecke (In re Hart Ski Mfg. Co., Inc.)*, 711 F.2d 845 (8th Cir.1983) (international arbitration was enforceable when in conflict with bankruptcy laws); *Societe Nationale Algerienne v. Distrigas Corporation*, 80 B.R. 606 (D.Mass.1987) (relief from bankruptcy stay to permit international contractual arbitration); *In re R.M. Cordova International, Inc.*, 77 B.R. 441 (Bankr.D.N.J.1987) (five foreign creditors may have bankruptcy stay relief to arbitrate in London); *In re Mor–Ben Insurance Markets Corp.*, 59 B.R. 194 (Bankr.S.D.Cal.1986) *aff'd* 73 B.R. 644 (9th Cir. BAP 1987) (bankruptcy stay filed in favor of international arbitration agreement); *Quinn v. CGR*, 48 B.R. 367 (D.Col.1985)

*app. dismissed* 828 F.2d 1463 (10th Cir. 1987) (bankruptcy trustee compelled to litigate with creditors under an international arbitration agreement).

In furtherance of the strong federal policy favoring arbitration agreements, creditors have been able to compel debtors and bankruptcy trustees to proceed with arbitration. In *Gary Aircraft Corporation v. United States (In re Gary Aircraft Corp.)*, 698 F.2d 775 (5th Cir.1983), *cert. denied*, 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983) a debtor who had entered into a contract with the United States Air Force to build aircraft engines, objected to the government's proof of claim filed in the bankruptcy court. The Fifth Circuit Court of Appeals ruled that the bankruptcy court improperly exercised jurisdiction over the liquidation of the government's claims because government contracting law is complex, technical and esoteric. Therefore, the Armed Services Board of Contract Appeals, which was created because of the needs for expertise, speed, and uniformity in resolving government contracts, should have been the forum to litigate the government claims and the bankruptcy court should have stayed litigation because the disputes clause in the contract between the parties called for litigation of disputes before the Armed Services Board of Contract Appeals.

In *Bender Shipbuilding and Repair Co., Inc. v. H.B. Morgan (In re Morgan)*, 28 B.R. 3 (9th Cir. BAP 1983), the creditor sought to compel the debtor to appoint an arbitrator pursuant to a disputes clause in their contract calling for arbitration. The debtor then commenced an action against the creditor in the state court to litigate the dispute. The debtor thereafter filed a Chapter 11 petition and obtained an order in the bankruptcy court enjoining the creditor from proceeding with the arbitration. The Bankruptcy Appellate Panel held that there was no competing bankruptcy policy where the debtor commenced the litigation in the state court, which enjoined the debtor from further suit and directed arbitration. The state court's enforcement of the arbitration clause was regarded as *res judicata*.

The debtor also took the initiative in *In re Guy C. Long, Inc.*, 90 B.R. 99 (Bankr.E.D.Pa.1988), and commenced an adversary proceeding in the bankruptcy court against a party who was not a creditor, with respect to a dispute under a construction contract. The debtor was a subcontractor. The defendant sought to stay the adversary proceeding pending arbitration in accordance with the Construction Industry Rules. The debtor argued that the policies underlying the Bankruptcy Code render inoperative those of the Federal Arbitration Act, 9 U.S.C. §§ 1–208. The bankruptcy court held that the granting of the stay would not significantly affect the legitimate interests of the debtor and that the dispute would be resolved more quickly in arbitration where the arbitrator would have greater expertise in resolving non-bankruptcy construction disputes.

*In re Allen & Hein, Inc.*, 59 B.R. 733 (Bankr.S.D.Cal.1986) is another bankruptcy case where the creditor, which was an employees' Union, obtained relief from the bankruptcy stay in order to proceed with a prepetition arbitration proceeding concerning a collective bargaining agreement. The parties had expended substantial sums of money on arbitration and the debtor presented no evidence so as to show that arbitration would be less expeditious or more costly then proceeding in bankruptcy court.

Notwithstanding the strong federal policy favoring arbitration, the majority of bankruptcy cases have held, for one reason or another, that arbitration should not prevail over the special jurisdiction conferred upon the courts under the bankruptcy laws, and that creditors seeking arbitration must resolve their disputes in the bankruptcy court and not in arbitration.

In the field of international commerce, where the courts generally apply arbitration clauses with special vigor, this court, nevertheless refused to require a debtor to submit to arbitration in Yugoslavia, a communist country, where the debtor's witnesses could not conveniently testify and no special expertise on the part of the arbitrators was required. *In re Springer-*

*Penguin, Inc.*, 74 B.R. 879 (Bankr.S.D.N.Y. 1987). *See Braniff Airways, Inc. v. United Airlines, Inc. (In re Braniff Airways, Inc.)*, 33 B.R. 33 (Bankr.N.D.Tex.1983). In cases involving domestic arbitration one of the reasons given in favor of litigation in bankruptcy court, and in opposition to a creditor's motion to stay arbitration, is that the Bankruptcy Reform Act impliedly modified the Arbitration Act, thereby exempting bankruptcy proceedings from the otherwise mandatory commands of the Arbitration Act. Therefore, the bankruptcy court's power to stay arbitration proceedings pending arbitration, was held to be discretionary with the court in *Zimmerman v. Continental Airlines, Inc.*, 712 F.2d 55 (3rd Cir.1983), *cert. denied*, 464 U.S. 1038, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984).

In exercising the discretionary authority to stay arbitration proceedings commenced by creditors, the courts have refused to compel debtors to arbitrate collective bargaining agreements, especially since the debtors might seek to reject the union contracts or where the arbitration proceedings might threaten assets of the estate. *N.L.R.B. v. Superior Forwarding, Inc.*, 762 F.2d 695 (8th Cir.1985); *reh. den. en banc*, 120 BNA LRRM 2441 (8th Cir.1985) *Johnson v. England*, 356 F.2d 44 (9th Cir.1966) *cert. den.* 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966); *In re Flechtner Packing Co.*, 63 B.R. 585 (Bankr.N.D.Ohio 1986); *In re Amalgamated Foods, Inc.*, 41 B.R. 616 (Bankr.C.D.Cal.1984).

In cases involving issues other than union contracts, the courts have advanced various reasons for denying creditors' requests for arbitration. The effect upon the claims of other creditors was the reason for refusing to submit contract disputes to arbitration in *In re F & T Contractors, Inc.*, 649 F.2d 1229 (6th Cir.1981). In *Allegaert v. Perot*, 548 F.2d 432 (2d Cir.1977), *cert. den.* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084 (1977), it was held that a trustee should not be compelled to arbitrate securities fraud claims where the arbitration clause did not and could not contemplate such jurisdiction. A debtor's suit for breach of contract which did not require

any special expertise to resolve was not submitted to arbitration against the debtor's wishes in *In re Wm. S. Newman Brewing Co., Inc.*, 87 B.R. 236 (Bankr.N.D. N.Y.1988). Similarly, a trustee's turnover action and the defenses to the trustee's claims involved matters obviously within the ken of the bankruptcy court in *In re Double TRL, Inc.*, 65 B.R. 993 (Bankr.E.D. N.Y.1986). A dispute between a debtor landlord and its tenants regarding the rental terms in a lease was not submitted for arbitration, notwithstanding the existence of an arbitration clause in the lease, because the issues could be resolved by the bankruptcy court expeditiously in *In re Miller & Neill Co.*, 41 B.R. 589 (Bankr.N. D.Ohio 1984). A bankruptcy trustee was not compelled to arbitrate partnership claims in *Coar v. Brown*, 29 B.R. 806 (Bankr.N.D.Ill.1983). The court in *In re Brookhaven Textiles, Inc.*, 21 B.R. 204 (Bankr.S.D.N.Y.1982) held that a debtor could not be compelled to submit to arbitration, even though the contract provided for arbitration, because the dispute involving the debtor's request for the delivery of paid-for merchandise did not require the expertise of arbitrators. Similarly, a debtor who sought payment under a construction subcontract, was not required to proceed to arbitration because the bankruptcy court determined that it had pervasive jurisdiction of all matters related to a bankruptcy case under former 11 U.S.C. § 1471, which was later struck down in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

■ The tension between the federal policy favoring arbitration clauses and the bankruptcy policy which protects the interests of the debtor and other creditors is brought into play when creditors seek to compel a debtor or a trustee in bankruptcy to submit to arbitration. Neither the trustee in bankruptcy nor Woodbury has cited a single case where the issue as to the appropriate forum was raised in connection with a trustee's or debtor's decision to invoke an arbitration clause in a contract between the debtor and others, rather than litigating the dispute in the bankruptcy court. Although a trustee or debtor may not be compelled to submit to arbitration, if the court in its discretion rules against a creditor who seeks to enforce a contractual arbitration clause, no federal policy clashes are implicated when a trustee or debtor seeks to forgo the bankruptcy court's jurisdiction and elects, instead, to proceed under the arbitration clause. In such case, the trustee or debtor has waived the protection of the automatic stay imposed under 11 U.S.C. § 362 and is authorized under Bankruptcy Rule 6009 "to commence and prosecute any action or proceeding in behalf of the estate before any tribunal" without court approval. Under former Rule 610, court approval was required. In *Tobin v. Plein*, 301 F.2d 378 (2d Cir.1962), the trustee of a bankrupt corporation was granted leave by the court to commence arbitration against controlling stockholders of the corporation pursuant to an arbitration clause in a contract between the bankrupt corporation and its controlling stockholders. The Second Circuit Court of Appeals permitted the trustee to invoke the arbitration clause in the contract even though the trustee had not assumed the contract. The court also held that the trustee was vested with any rights of action arising from contracts which the bankrupt corporation might possess, including the right to assert such claims by arbitration, the forum provided by the contract between the bankrupt corporation and its controlling shareholders.

■ In the instant case, as in *Tobin v. Plein, supra*, the trustee in bankruptcy has exercised his business judgment and has elected to pursue the arbitration proceeding which Woodbury commenced against the debtor before the bankruptcy case was initiated. Having contractually agreed to the submission of all construction disputes with the debtor to arbitration before the American Arbitration Association in accordance with the Construction Industry Rules, Woodbury is in no position to assert the policy in favor of centralizing bankruptcy administration in the bankruptcy court.

Had the debtor's bankruptcy not intervened, Woodbury would have been permit-

ted to proceed with the arbitration which it commenced before the American Arbitration Association in accordance with the Construction Industry Rule which Woodbury and the debtor contractually accepted. The debtor's commencement of this bankruptcy case, which does not alter the arbitration agreement, authorizes the trustee in bankruptcy, in the exercise of his business judgment, to proceed within the authority conveyed under Bankruptcy Rule 6009 and to continue the arbitration process which Woodbury initiated. The subcontracting creditors who may be affected by such arbitration, support the arbitration of the construction disputes and have offered to defray the trustee's arbitration expenses. No creditors have appeared in opposition to the trustee's proposal to submit the construction disputes between Woodbury and the debtor to a panel of arbitrators who are especially skilled and knowledgeable concerning construction industry problems and who are empowered to make on site inspections and examine the areas of the shopping center which are in controversy. Therefore, Woodbury's motion to prevent the trustee from proceeding with the arbitration process which Woodbury commenced must be denied.

In view of the fact that this court permits the trustee to proceed with the arbitration process, it follows that the issue regarding the trustee's payment of approximately $14,000 for the arbitration fee is academic.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. Pursuant to Bankruptcy Rule 6009 the trustee in bankruptcy is authorized to prosecute the arbitration proceeding originally commenced by Woodbury and to submit for determination by the arbitration panel, without further court approval, the disputes arising under the debtor's construction contracts with Woodbury in accordance with the Construction Industry

Rules and the arbitration clauses in the construction contracts previously agreed to by the debtor and Woodbury.

3. Woodbury's motion to prevent the trustee from continuing with the arbitration proceeding previously initiated by Woodbury is denied.

SETTLE ORDER on notice.